

FILED

✗ NOV 06 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

BIC CORPORATION and BIC USA INC.,

              Plaintiffs,

vs.

CHICAGO IMPORT INC., DIAMOND
WHOLESALE GROUP, INC., JOHN DOE
COMPANIES 1-10, and JOHN or JANE DOES 1-10

              Defendants.

CASE NO.:

FILED UNDER SEAL

**1:18-cv-07378**
**Judge John Robert Blakey**
**Magistrate Judge Jeffrey T. Gilbert**

## COMPLAINT AND JURY DEMAND

Plaintiffs BIC Corporation and BIC USA Inc. (hereinafter collectively "BIC"), by and through their attorneys, complaining of the Defendants, Chicago Import Inc. ("Chicago Import"), Diamond Distributors Inc. ("Diamond"), John Doe Companies 1-10, and John and Jane Does 1-10 (hereinafter collectively ("Defendants"), allege and say as follows:

### NATURE OF THE ACTION

1.    This action is being brought by Plaintiffs to put an end to Defendants' wrongful distribution in the United States (including in this District) of BIC-branded lighters, that are not intended for distribution inside the United States, and that do not comply with various U.S. federal standards and regulations.

2.    Defendants have willfully and knowingly sold, marketed, advertised and distributed products which do not contain federally mandated enhanced child-resistant technology and/or the required instructions, warnings, disclosures, markings and certifications required under U.S. law.

1

1322970v.1

3.     This is an action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1117 (Registered Trademark Infringement); Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as amended (False Designation of Origin); contributory trademark infringement under Section 43 of the Lanham Act, 15 U.S.C. § 1114(1)(a); Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) (Trademark Dilution in Violation of the Federal Trademark Dilution Act); 815 I.L.C.S. § 510/1 *et seq.*; 765 I.L.C.S. § 1036/65; and the common law of the State of Illinois.

## PARTIES

4.     Plaintiff BIC Corporation (hereinafter "BIC Corporation") is a Connecticut corporation, having its principal place of business in Shelton, CT.

5.     Plaintiff BIC USA Inc. (hereinafter "BIC USA"), a wholly owned subsidiary of BIC Corporation, is a Delaware corporation, having its principal place of business in Shelton, CT.

6.     Upon information and belief, Chicago Import, Inc. is an Illinois Corporation with a regular place of business at 3811 West Lawrence Avenue, Chicago, Illinois 60625. Service may be made upon its registered agent, ASHOK PUNJABI, 3801 West Lawrence Avenue, Chicago, Illinois.

7.     Upon information and belief, Defendant Diamond Wholesale Group is an Illinois Corporation with a regular place of business at. 7252 West 87th Street, Bridgeville, Illinois 60455. Service may be made upon its registered agent, Halawa Ill Registered Agent, which has an address of 7000 West 111th Street, Suite 102, Worth, Illinois 60482.

8.     BIC is currently unaware of the true names and identities of Defendants John Doe Companies 1-10 and John or Jane Does 1-10, but is informed and believes that such persons and entities are liable for the violations alleged in this Complaint. BIC may seek leave to amend this

2

Complaint at an appropriate time to add specific information regarding these defendants upon determination of their true identities.

## JURISDICTION AND VENUE

9.      This is a civil action arising from Defendants' misuse of BIC's trademarks and trade dress. The claims alleged in this Complaint arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.,* and under Illinois state law.

10.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331 and 1338.

11.     This Court has supplemental jurisdiction over BIC's state law claims pursuant to 28 U.S.C. § 1367(a).

12.     Venue is proper in Illinois pursuant to 28 U.S.C. § 1391(b).

13.     Venue is proper in the Northern District of Illinois as, upon information and belief, Defendants are located therein and/or transacted business therein relative to the claims made herein.

14.     This Court has personal jurisdiction over Chicago Import as it is an Illinois corporation, it is located in the State of Illinois, and it sold, marketed, advertised and distributed infringing goods or otherwise transacted business from the State of Illinois.

15.     This Court has personal jurisdiction over Diamond as it is an Illinois corporation, it is located in the State of Illinois, and it sold, marketed, advertised and distributed infringing goods or otherwise transacted business from the State of Illinois.

16.     This Court has personal jurisdiction over John Doe Companies 1-10 as they, upon information and belief, are located in the State of Illinois, sold, advertised and marketed infringing goods or otherwise transacted business from the State of Illinois, and/or conspired with Chicago Import and or Diamond in the State of Illinois to engage in such acts in the State of Illinois.

3

1322970v.1

17.     This Court has personal jurisdiction over John or Jane Does 1-10 as they, upon information and belief, are located in the State of Illinois, sold, advertised and marketed infringing goods or otherwise transacted business from the State of Illinois, and/or conspired with Chicago Import and or Diamond in the State of Illinois to engage in such acts in the State of Illinois.

## FACTUAL BACKGROUND

### *BIC's Trademarks Rights*

18.     BIC is in the business of manufacturing and distributing high quality and reliable consumer products, including lighters.

19.     For well over 30 years, and well before the acts of Defendants identified herein, BIC has used various trademarks and source-identifying product configurations to indicate the origin of its goods, including its lighters. These trademarks and configurations include the following terms, designs, and trade dress, which are registered with the United States Patent and Trademark Office ("USPTO"), and are collectively referred to hereinafter as the "Marks":

a.     "BIC" Reg. No. 2,324,480, registered with the USPTO in connection with "cigarette and cigar lighters not of precious metals," among other goods, with a date of first use of at least as early as 1971. A true and correct copy of the registration certificate for this mark is attached hereto as **Exhibit A**.

b.      , Reg. No. 951,661, registered with the USPTO in connection with "cigarette lighters and refills therefor," with a date of first use at least as early as 1971. A true and correct copy of the registration certificate for this mark is attached hereto as **Exhibit B**.

4

c.     Reg. No. 1,761,622, registered with the USPTO in connection with "cigarette lighters not made of precious metals," with a date of first use at least as early as 1973. A true and correct copy of the registration certificate for this mark is attached hereto as **Exhibit C**.

d.     , Reg. No. 2, 278,917, registered with the USPTO in connection with "cigarette lighters not made of precious metals," with a date of first use at least as early as 1995. A true and correct copy of the registration certificate for this mark is attached hereto as **Exhibit D**. This trade dress configuration is substantially similar to the prior configuration, but includes an enhanced child-resistant feature incorporated into BIC's lighter design in 1994.

20.  In continuous and substantially exclusive use for over 40 years, as well as being the subject of the expenditure of tens of millions of dollars in promotion and advertising, the Marks are recognized as indicators of source for BIC's high-quality and pioneering lighters and are the embodiments of the substantial and valuable goodwill associated with Plaintiffs' products.

21.  As a result of BIC's substantial efforts, and prior to the acts of Defendants alleged herein, the Marks have become famous in the minds of consumers to identify BIC as the source for BIC's goods.

5

22.     BIC Corporation is the owner of the Marks in the United States and licenses them to BIC USA.

### *BIC-Branded Lighters*

23.     BIC, the sole domestic manufacturer of disposable lighters, has a 40-year history of providing safe, reliable non-refillable pocket lighters to millions of Americans. Since 1974, BIC has been a market leader in the industry and has worked extensively with the United States Consumer Product Safety Commission ("CPSC") in the development and implementation of a national standard for child-resistant non-refillable pocket lighters. In the third quarter of 1985, BIC began a research and development program with the goal of improving the design of non-refillable pocket lighters to further ensure child safety. Since then, BIC has spent in excess of $32 million in research and development, engineering and the acquisition of intellectual property for enhanced child-resistant technology which has been incorporated in its disposable lighters sold in the United States.

24.     Shortly after the commencement of BIC's research and development program, BIC came to the conclusion that there should be a mandatory industry standard for child safety and began working directly with the American Society for Testing and Materials ("ASTM"), its lighter subcommittee, and the CPSC to develop a child-resistant lighter standard. In so doing, BIC shared the results of its research and development work in this area with these entities.

25.     All lighters sold and distributed throughout the United States by BIC since the CPSC promulgated its regulations in 1994 have included enhanced child-resistant technology, the third generation of which is comprised of a mechanism incorporating a metal guard over the spark wheel. The CPSC regulations help ensure that the consuming public receives only safe and genuine US-compliant BIC products.

26.     Closely following CPSC regulations is critical to BIC's maintenance of quality control standards for its US products.

27.     BIC does not sell any non-refillable pocket lighters in the United States that do not have enhanced child-resistant technology as required by U.S. law.

28.     Societe BIC, an independent affiliate of BIC, is a French corporation whose subsidiaries and affiliate companies distribute lighters <u>outside</u> of the United States. In countries where enhanced child-resistant designs are required by law, BIC only sells enhanced child-resistant designs incorporating the technology required by the CPSC.

29.     In addition to incorporating enhanced child-resistant technology, U.S.-destined lighters bearing the Marks, their master shipping cases, and point-of-purchase display trays and packaging and the lighters themselves bear various textual consumer instructions, warnings, disclosures and certifications, such as "KEEP AWAY FROM CHILDREN," "COMPLIES WITH 16 C.F.R. 1210," "IGNITE LIGHTER AWAY FROM FACE AND CLOTHING," "BE SURE LIGHTER IS OUT AFTER USE," and "CONTAINS FLAMMABLE GAS UNDER PRESSURE," among others.

30.     For lighters destined for sale outside the United States, BIC is respectful of the requests and requirements of those governments and consumers by offering lighters with and without enhanced child-resistant features and with warnings and instructions that meet or exceed the local requirements, laws, and regulations.

31.     Lighters bearing the Marks, their master shipping cases, and point-of-purchase display trays that are intended for distribution outside the United States do not bear the U.S. federally mandated warnings and statements and/or implement such warnings and statements required in different ways, such as through pictures. Moreover, when they appear, statements are often printed in foreign languages.

1322970v.1

32.    Some lighters bearing the Marks that are intended for distribution outside the United States are packaged in cases and trays which bear graphics and language that are not authorized for use in the U.S. market.

33.    Lighters bearing the Marks, as well as their point-of-purchase packaging and cases, which are intended for distribution outside the United States, bear markings, graphics and designs that differ from those appearing on U.S.-destined goods. Further, the unit count of containers and point-of-purchase displays for these goods differ for U.S. and non-U.S. destined goods.

34.    Thus, lighters distributed outside the United States, while visually difficult to distinguish from domestic BIC lighters, are materially different from domestic BIC lighters due to the absence of the prescribed enhanced child-resistant technology and textual instructions, warnings, disclosures, and certifications.

### *U.S. and Foreign Lighters are Materially Different Products*

35.    Upon information and belief, Defendants purchased lighters bearing the Marks which were manufactured and were intended for distribution outside the United States.

36.    Upon information and belief, said lighters were imported into the United States in violation of United States Customs regulations including, without limitation, 19 C.F.R. 133.23.

37.    Unlike lighters intended for distribution in the United States, these lighters bear pictorial warnings, rather than English language warnings. A comparison of lighters intended for distribution outside the United States and the proper U.S.-labeled lighters appears below:

8



| US Label – English Lanugage, BIC USA Inc. Address | Foreign Label – Pictograms |
| --- | --- |

38.     Unlike lighters intended for distribution in the U.S., the labels associated with the non-U.S. lighters fail to include, among other failings, appropriate and legally required instructions and disclosures in English on the lighter body; appropriate instructions, disclosures and certifications on the storage trays and header cards; and appropriate instructions, disclosures and certifications on the master shipping cases. Additionally, the point-of-purchase packaging and master shipping cases for such lighters bear different markings, graphics and designs than those of authorized U.S. goods.

39.     Lighters intended for distribution outside the U.S. also lack the enhanced child-resistant technology including a metal guard over the spark wheel incorporated in U.S.-destined lighters, as the side-by-side comparison below demonstrates:

9



| US Lighter with Child Resistant Guard | Foreign Lighter without Child resistant guard |
|---|---|

40.    In addition, the master shipping cases in which lighters intended for sale outside of the United States do not display the required DOT master shipping case design approval number, and do not bear a child-resistant testing certification.

41.    In addition, master shipping cases intended for foreign countries bear a conspicuous stamp stating, "NON CR AREA," meaning that the lighters contained therein may only be sold in areas where child-resistant features are not required.

***Defendants' Wrongful Acts***

42.    Upon information and belief, in October 2018 and at other times and up to the present time, Defendants advertised, offered for sale and sold lighters in the United States, branded with BIC's Marks, with improper markings and without enhanced child-resistant technology, which were packaged in master shipping cases that are not labeled in compliance with Department of Transportation regulations.

43.    Upon information and belief, Defendants have sold improperly marked, and non-CPSC-compliant, lighters bearing the Marks to various retailers and distributors in the United States and intend to imminently sell additional improperly marked, and non-CPSC-compliant, lighters bearing the Marks to other retailer and distributor customers.

44.    The products advertised, offered for sale and sold by Defendants fail to comport with relevant U.S. standards and/or regulations.

45.    Upon information and belief, Defendants are currently in possession of additional stock of improperly marked, and non-CPSC-compliant, lighters bearing the Marks, and intend to imminently sell said lighters in interstate commerce.

46.    Upon information and belief, Defendants engaged in these acts with the knowledge of BIC's rights and the willful intent to violate same.

47.    Defendants' unlawful actions are having, and will continue to have, a substantial and adverse effect on United States commerce.

48.    Defendants' wrongful acts and/or willful infringements have caused, and will continue to cause, irreparable harm to BIC unless permanently enjoined, for which BIC has no adequate remedy at law.

49.    Defendants are profiting, and will continue to profit from their unlawful actions.

50.    Defendants' actions are causing and will continue to cause BIC monetary damage in amounts presently unknown but to be determined at trial.

51.    The CPSC has concluded that the child-resistant technology and markings mandated under its regulations are necessary in order to ensure the safety of the consuming public, and especially children.

11

52.     These features are lacking on the non-compliant goods being sold by Defendants. Defendants' actions thus present significant public health and safety concerns.

53.     Defendants' actions may potentially place consumers, or children thereof, in danger if their actions are not enjoined.

54.     By selling these lighters, the Defendants have knowingly engaged in violations of the Lanham Act, as well as other federal laws and regulations. The Defendants' conduct and other evidence suggests that the Defendants knew that the non-U.S. lighters could not legally be sold in the United States. Given the possibility of civil and criminal enforcement action against them, and the potential liabilities and penalties that may be imposed, there is a real risk that the Defendants will conceal or destroy their records and conceal or dispose of remaining inventory.

55.     On information and belief, John Doe Companies 1-10 and John and Jane Does 1-10 have conspired with the Defendants to carrying out the wrongful conduct alleged herein.

## FIRST CLAIM FOR RELIEF BY PLAINTIFF BIC CORPORATION
### Federal Trademark Infringement
### Lanham Act § 32, 15 U.S.C. § 1114

56.     BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 55 hereof as if fully set forth herein.

57.     BIC Corporation is the owner and registrant of the Marks.

58.     BIC USA is the exclusive licensee of the Marks in the United States.

59.     Defendants have not been granted any right to use the Marks in the United States.

60.     Defendants have used the Marks on goods that are materially different than those authorized to be sold under said Marks in the United States.

12

61.     Defendants' uses of the Marks have caused and/or are likely to cause confusion or mistake, or to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered and sold by Defendants.

62.     Defendants' wrongful acts and/or willful infringements, for which BIC has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

63.     Defendants are liable for trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF BY BIC
### Federal False Designation of Origin
### Lanham Act § 43, 15 U.S.C. § 1125

64.     BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 63 hereof as if fully set forth herein.

65.     BIC Corporation is the owner and registrant of the Marks.

66.     BIC USA is the exclusive licensee of the Marks in the United States.

67.     Defendants have not been granted any right to use the Marks in the United States.

68.     Defendants have used the Marks on goods that are materially different than those authorized to be sold under said Marks in the United States.

69.     Defendants' uses of the Marks have caused and/or are likely to cause confusion or mistake, or to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered and sold by Defendants.

70.     Defendants' wrongful acts and/or willful infringements, for which BIC has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

13

71.     Defendants are liable for trademark infringement, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

**THIRD CLAIM FOR RELIEF BY BIC**
**Contributory Trademark Infringement**
**Lanham Act § 43, 15 U.S.C. § 1114(1)(a)**

72.     BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 671 hereof as if fully set forth herein.

73.     BIC Corporation is the owner and registrant of the Marks.

74.     BIC USA is the exclusive licensee of the Marks in the United States.

75.     Defendants have provided to retailer and/or distributor customers lighters bearing the Marks on goods that are materially different than those authorized to be sold under said Marks in the United States, with knowledge, expectation and/or intention that the retailers and/or distributors would use the Marks in connection with the sale of such lighters.

76.     Defendants and their retailer and/or distributor customers have not been granted any right to use the Marks in the United States.

77.     The unauthorized uses of the Marks by retailers and/or distributors supplied by Defendants have caused and/or are likely to cause confusion or mistake, or to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered and sold by retailers and/or distributors supplied by Defendants.

78.     Defendants have intentionally induced or contributed to or knowingly participated in the infringement of BIC's rights in the Marks by the Defendant's retailer and distributor customers.

79.     Defendants have profited from the infringement of BIC's rights in the Marks by Defendant the Defendants' retailer and distributor customers.

14

80.     Defendants' wrongful acts and/or willful contributory infringements, for which BIC has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

81.     Defendants are liable for contributory trademark infringement, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

**FOURTH CLAIM FOR RELIEF BY BIC**
**Federal Dilution**
**Lanham Act § 43, 15 U.S.C. § 1125**

82.     BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 80 hereof as if fully set forth herein.

83.     BIC Corporation is the owner and registrant of the Marks.

84.     BIC USA is the exclusive licensee of the Marks in the United States.

85.     The Marks are famous within the meaning of the law, and were famous prior to the acts committed by Defendants discussed herein.

86.     Defendants have not been granted any right to use the Marks in the United States.

87.     Defendants have used the Marks on goods that are materially different than those authorized to be sold under said Marks in the United States.

88.     Defendants' uses of the famous Marks injure BIC's business reputation and have diluted and/or are likely to dilute the distinctive qualities of the Marks.

89.     Defendants' wrongful acts and/or willful dilution, for which BIC has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

90.     Defendants are liable for trademark dilution, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

**FIFTH CLAIM FOR RELIEF BY BIC**

15

1322970v.1

### Illinois Common Law Trademark Infringement and Unfair Competition

91.     BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 90 hereof as if fully set forth herein.

92.     BIC Corporation is the owner and registrant of the Marks.

93.     BIC USA is the exclusive licensee of the Marks in the United States.

94.     BIC, at great expense and effort, has acquired a property interest in the State of Illinois in the Marks in connection with their goods.

95.     Defendants have misappropriated Plaintiffs' labors and expenditures.

96.     Defendants have not been granted any right to use the Marks in the United States.

97.     Defendants have used the Marks on goods that are materially different than those authorized to be sold under said Marks in the United States.

98.     Defendants' uses of the Marks have caused and/or are likely to cause confusion or mistake, or to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered and sold by Defendants.

99.     Defendants' conduct is an attempt to wrongfully profit from the expense, effort and reputation of BIC within the State of Illinois.

100.     Defendants' wrongful acts and/or willful infringements, for which BIC has no adequate remedy at law, has caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

101.     Defendants are liable for trademark infringement, in violation of Illinois law.  BIC is thereby entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

### SIXTH CLAIM FOR RELIEF BY BIC
### Deceptive and Unfair Trade Practices

16

1322970v.1

**Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), 815 I.L.C.S. § 510/1 *et. seq.***

102.     BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 101 hereof as if fully set forth herein.

103.     BIC Corporation is the owner and registrant of the Marks.

104.     BIC USA is the exclusive licensee of the Marks in the United States.

105.     BIC, at great expense and effort, has acquired a property interest in the State of Illinois in the Marks in connection with their goods.

106.     Defendants have not been granted any right to use the Marks in the United States.

107.     Defendants have used the Marks on goods that are materially different than those authorized to be sold under said Marks in the United States.

108.     Defendants' uses of the Marks have caused and/or are likely to cause confusion or mistake, or to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered and sold by Defendants.

109.     Defendants' conduct is an attempt to wrongfully profit from the expense, effort and reputation of BIC within the State of Illinois.

110.     Defendants' wrongful acts and/or willful infringements, for which BIC has no adequate remedy at law, has caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

111.     Defendants are liable for deceptive and unfair trade practices, in violation of 815 I.L.C.S. § 510/1 *et. seq.* BIC is thereby entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

17

## SEVENTH CLAIM FOR RELIEF BY BIC
### Trademark Dilution
### Illinois Trademark Registration and Protection Act, 765 I.L.C.S. 1036/65

112.    BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 111 hereof as if fully set forth herein.

113.    BIC Corporation is the owner and registrant of the Marks.

114.    BIC USA is the exclusive licensee of the Marks in the United States.

115.    The Marks are distinctive and famous within the meaning of 765 I.L.C.S. 1036/65, and were famous prior to the acts committed by Defendants discussed herein.

116.    Defendants have not been granted any right to use the Marks in the United States.

117.    Defendants have used the Marks on goods that are materially different than those authorized to be sold under said Marks in the United States.

118.    Defendants' uses of the famous Marks injure BIC's business reputation and have diluted and/or are likely to dilute the distinctive qualities of the Marks.

119.    Defendants' wrongful acts and/or willful dilution, for which BIC has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

120.    Defendants are liable for trademark dilution, in violation of 765 I.L.C.S. 1036/65.  BIC is thereby entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

1322970v.1

## **PRAYER FOR RELIEF**

WHEREFORE, BIC respectfully requests that the Court:

A.  Grant judgment in favor of BIC and against Defendants on all of BIC's claims;

B.  Temporarily, preliminarily, and permanently enjoin and restrain Defendants, their officers, agents, subsidiaries, servants, partners, employees, attorneys and all others in active concert or participation with them, from:

        a.  Advertising or selling any BIC products that are not authorized for sale in the United States;

        b.  Making any use of BIC's Marks, or any designation of origin confusingly similar thereto, including importing into the U.S. lighters branded with BIC's Marks;

        c.  Infringing or diluting any of the Marks;

        d.  Unfairly competing with BIC in the manufacture, importation, advertising, offering for sale, sale, shipment and/or distribution of lighters;

        d.  Disposing of, destroying, moving, secreting, relocating and/or transferring any and all of Defendants' stock of wrongfully imported and labeled lighters branded with BIC's Marks, without court direction;

        e.  Selling any BIC-branded products in the United States that are materially different from BIC's CPSC-compliant products or are otherwise not compliant with United States laws or regulations.

        f.  Disposing of, destroying, moving, secreting, relocating, altering and/or transferring any information, records, and/or documents in Defendants' possession pertaining to their purchase, importation, receipt, advertising, offering for sale, sale, shipment and/or distribution of lighters branded with

BIC's Marks, including invoices, correspondence with vendors and distributors, banks records, account books, financial statements, purchase contracts sales receipts, and other records, including electronically stored information on computers, personal electronics such as cell phones; and,

g. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the aforementioned activities.

C. An order, pursuant to the Court's inherent equitable authority, and pursuant to 15 U.S.C. § 1116(d), directing seizure of all infringing and or gray market goods, and records relating to the purchase, sale, and advertising thereof, including electronically stored information, and financial information;

D. Order Defendants to, at Defendants' expense, withdraw from the market, account for and properly destroy any and all products bearing the Marks without enhanced child-resistant technology and/or with improper markings to the extent not seized;

E. Order Defendants, pursuant to 15 U.S.C. § 1116, to serve on BIC within thirty (30) days after service on Defendants of preliminary or permanent injunctive orders, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

F. Order Defendants to account for, and pay over to BIC, Defendants' profits and all damages sustained by BIC;

F. Increase the amount of damages and/or profits awarded to BIC, as provided by law;

G. Award BIC such punitive damages for Defendants' willful and intentional acts of unfair competition and infringement of BIC's rights that the Court shall deem just and proper;

20

      H.      Award BIC the fees, costs and disbursements, and interest, expended

in connection with any actions taken to investigate and confirm the claims made

herein;

      I.      Award BIC its reasonable attorney fees, costs, disbursements, and interest, as

provided by law; and

      J.      Granting such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

BIC demands a trial by jury of all issues so triable.

1322970v.1

Respectfully submitted,

Plaintiffs,
BIC Corporation and BIC USA Inc.,
By their attorneys,

/s/ Lamis G. Eli
Lamis G. Eli (ARDC # 6308955)
Lamis.Eli@wilsonelser.com
Jason M. Kuzniar
Jason.Kuzniar@wilsonelser.com
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
55 W. Monroe, Suite 3800
Chicago, IL 60603
PHONE: (312) 704-0550
FAX: (312) 704-1522

Adam R. Bialek (to seek admission
*pro hac vice*)
Adam.Bialek@wilsonelser.com
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
150 East 42nd Street
New York, NY 10017
(212) 490-3000

Kara Thorvaldsen (to seek admission
*pro hac vice*)
Kara.Thorvaldsen@wilsonelser.com
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
(617) 422-5300

22

Exhibit A

# Exhibit A

Int. Cls.: 11 and 34

Prior U.S. Cls.: 2, 8, 9, 13, 17, 21, 23, 31 and 34

Reg. No. 2,324,480

## United States Patent and Trademark Office

Registered Feb. 29, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## BIC

BIC CORPORATION (NEW YORK CORPORA-TION)
500 BIC DRIVE
MILFORD, CT 06460

FOR: LIGHTERS PRIMARILY FOR LIGHT-ING GRILLS, FIREPLACES AND CANDLES, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 1–28–1998; IN COMMERCE 1–28–1998.

FOR: CIGARETTE AND CIGAR LIGHTERS NOT OF PRECIOUS METALS, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

FIRST USE 10–5–1971; IN COMMERCE 10–5–1971.

SER. NO. 75–684,321, FILED 4–15–1999.

AMY LOHR, EXAMINING ATTORNEY

Exhibit B

# Exhibit B

# United States Patent Office

**951,661**
Registered Jan. 30, 1973

## PRINCIPAL REGISTER
### Trademark

Ser. No. 405,458, filed Oct. 19, 1971



Bic Pen Corporation (New York corporation)
Wiley St.
Milford, Conn.   06460

For: CIGARETTE LIGHTERS AND REFILLS THEREFOR, in CLASS 8 (INT. CL. 34).
First use Oct. 5, 1971; in commerce Oct. 5, 1971.
Owner of Reg. Nos. 573,249, 861,040, and 905,154.

Exhibit C

# Exhibit C

Int. Cl.: 34

Prior U.S. Cl.: 8

## United States Patent and Trademark Office

Reg. No. 1,761,622
Registered Mar. 30, 1993

## TRADEMARK
### PRINCIPAL REGISTER



BIC CORPORATION (NEW YORK CORPORA-
TION)
500 BIC DRIVE
MILFORD, CT 06460

FOR: CIGARETTE LIGHTERS NOT MADE
OF PRECIOUS METAL, IN CLASS 34 (U.S. CL.
8).

FIRST USE 10–25–1973; IN COMMERCE
10–25–1973.

THE LINING SHOWN IN THE DRAWING IS
FOR SHADING PURPOSES ONLY AND IS NOT
A FEATURE OF THE MARK.

THE DRAWING SHOWS A LIGHTER
HAVING AN OBLONG BODY WHICH IS EL-
LIPTICAL IN CROSS-SECTION; A FORK
WHICH IS GENERALLY PARABOLIC IN
CROSS-SECTION; AND A HOOD WHICH IS
GENERALLY PARABOLIC IN CROSS-SEC-
TION.

SEC. 2(F).

SER. NO. 73–808,159, FILED 6–21–1989.

CRAIG K. MORRIS, EXAMINING ATTORNEY

**EXHIBIT D**

# Exhibit D

Int. Cl.: 34

Prior U.S. Cls.: 2, 8, 9 and 17

**United States Patent and Trademark Office**

Reg. No. 2,278,917

Registered Sep. 21, 1999

## TRADEMARK
## PRINCIPAL REGISTER



BIC CORPORATION (NEW YORK CORPORA-
TION)
500 BIC DRIVE
MILFORD, CT 06460

FOR: CIGARETTE LIGHTERS NOT MADE
OF PRECIOUS METAL, IN CLASS 34 (U.S. CLS.
2, 8, 9 AND 17).
FIRST USE 2-0-1995; IN COMMERCE
2-0-1995.
OWNER OF U.S. REG. NO. 1,761,622.
THE LINING SHOWN IN THE DRAWING IS
FOR SHADING PURPOSES ONLY AND IS NOT
A FEATURE OF THE MARK. THE DRAWING

SHOWS A LIGHTER HAVING AN ABLONG
BODY WHICH IS ELLIPTICAL IN CROSS-SEC-
TION; A FORK WHICH IS GENERALLY PARA-
BOLIC IN CROSS-SECTION; AND A HOOD
WHICH IS GENERALLY PARABOLIC IN
CROSS-SECTION.
THE MARK CONSTITUTES THE CONFIGU-
RATION OF THE PRODUCT, AS DEPICTED IN
THE DRAWING.
SEC. 2(F).

SER. NO. 75–424,826, FILED 1–28–1998.

JOHN E. MICHOS, EXAMINING ATTORNEY

Sealed



FILED by _____ D.C.

JAN 0 3 2018

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BIC CORPORATION and BIC USA INC.,

Plaintiffs,

vs

FLORIDA DISTRIBUTORS, INC., JOHN
DOE COMPANIES 1-10, and JOHN OR JANE
DOES 1-10,

Defendants.

_____/

# 18 - 60010

FILED UNDER SEAL CIV-UNGARO

### PLAINTIFFS BIC CORPORATION AND BIC USA INC.'S
### RULE 7.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiffs BIC Corporation and BIC USA Inc., by and through their attorneys, make the following disclosures:

BIC Corporation is a wholly-owned subsidiary of BIC Clichy SAS, which in turn is owned by the BIC Group's ultimate parent company, Société BIC, a French société anonyme. Société BIC is a publicly-traded company listed on Euronext Paris.

BIC USA Inc.is a wholly-owned subsidiary of BIC Corporation, which is in turn is a wholly-owned subsidiary of BIC Clichy SAS, which in turn is owned by the BIC Group's ultimate parent company, Société BIC, a French société anonyme. Société BIC is a publicly-traded company listed on Euronext Paris.

*[signature on following page]*

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Date:   January 2, 2018

Respectfully submitted,

LOTT & FISCHER, PL

s/Ury Fischer
Ury Fischer
Florida Bar No. 048534
E-mail: ufischer@lottfischer.com
255 Aragon Avenue, Third Floor
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191

-and-

ORRICK, HERRINGTON & SUTCLIFFE LLP
Peter D. Vogl*
E-mail:  pvogl@orrick.com
Briggs M. Wright*
E-mail:  bwright@orrick.com
51 W 52nd Street
New York, NY  10019-6142
Telephone:  (212) 506-5000
Facsimile:  (212) 506-5151

*Application for admission Pro Hac Vice pending

*Attorneys for Plaintiffs*