# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BIC CORPORATION and BIC USA INC.,

    Plaintiff,

v.

CHICAGO IMPORT INC., DIAMOND WHOLESALE GROUP, INC., JOHN DOE COMPANIES 1-10, and JOHN OR JANE DOES 1-10,

    Defendants.

Case No. 18-cv-7378
FILED UNDER SEAL

Judge John Robert Blakey

## SEIZURE ORDER

**PLEASE TAKE NOTICE,** that Plaintiffs BIC Corporation and BIC USA Inc. (hereinafter together "Plaintiffs" or "BIC") having moved *ex parte* against Defendants Chicago Import Inc. ("Chicago Import"), Diamond Distributors Inc. ("Diamond"), their principals, officers, agents, servants, and employees (hereinafter "Defendants" unless otherwise specifically designated) for, among other relief, an order of seizure and substitute custodian order (the "Order"), by reason that Defendants, without authorization, are manufacturing, importing, purchasing, selling, offering for sale, promoting, and/or distributing goods and packaging bearing marks that constitute counterfeits, copies, and/or colorable imitations of, or that otherwise infringe upon, incontestable and federally registered trademarks owned and used by BIC. Upon Plaintiffs' Complaint and motion for an *ex parte* restraining order, expedited discovery, seizure order and other relief, and supporting declarations and exhibits

submitted therewith, this Court now makes the following findings of fact and conclusions of law:

1. BIC are the owners of the following valid and incontestable trademarks registered on the Principal Register of the United States Patent and Trademark Office:

| Mark: | Reg. No.: | Reg. Date: | Goods/Services: |
|---|---|---|---|
| BIC | 2,324,480 | Feb. 29, 2000 | IC 34: cigarette and cigar lighters not of precious metals<br><br>IC 11: lighters primarily for lighting grills, fireplaces and candles |
| (BIC logo) | 951,661 | Jan. 30, 1973 | IC 34: CIGARETTE LIGHTERS AND REFILLS THEREFOR |
| (lighter image) | 1,761,622 | Mar. 30, 1993 | IC 34: CIGARETTE LIGHTERS NOT MADE OF PRECIOUS METAL |
| (lighter image) | 2,278,917 | Sept. 21, 1999 | IC 34: CIGARETTE LIGHTERS NOT MADE OF PRECIOUS METAL |

(together the "Marks" or "BIC Marks".

2. BIC is likely to succeed on their claims that Defendants have illegally imported, purchased, sold, offered for sale, promoted, and/or distributed goods, specifically lighters, that have not been authorized for distribution in the United

States, bearing the incontestable and federally registered trademarks owned and used by BIC, (the "Gray Market Goods").

3. The sale of the Gray Market Goods has resulted in, and will continue to result in, immediate and irreparable injury to BIC if the relief requested is not ordered insofar as consumers who expect that their lighters will have child-resistant technology and English language warnings and instructions may encounter Gray Market Goods bearing the Marks which do not conform to United States standards and conclude that they were distributed for sale in the United States by BIC, to the detriment of the public and the reputation of BIC's brand.

4. Such harm to BIC absent entry of this Order outweighs any harm to Defendants' legitimate interests that entry of this Order would occasion.

5. Defendants have no legitimate interest in selling products that are not authorized for sale in the United States, which do not comply with United State safety standards, or in infringing the trademark rights of BIC.

6. BIC has demonstrated that the Defendants are likely to be holding Gray Market Goods at the locations where they are selling, offering for sale, and/or distributing the Gray Market Goods, along with books, records, and electronically stored information relating to the purchase, import, sale, offering for sale, and/or distribution of the Gray Market Goods.

7. BIC has not publicized the requested seizures and have provided the United States Attorney for the Northern District of Illinois with notice of its application for a seizure order pursuant to 15 U.S.C. § 1116(d)(2).

8. Defendants, or others acting in concert with Defendants, would likely destroy, move, hide, or otherwise make the Gray Market Goods and records relating thereto inaccessible to the Court if BIC were to proceed on notice to Defendants, thereby frustrating the adjudication of BIC's claims by this Court.

9. Entry of an Order other than an *ex parte* seizure order would not adequately serve the purposes of the Lanham Act insofar as it would leave goods and packaging bearing BIC's federally registered trademarks marketplace that are not authorized for sale in the United States and do not comply with United States rules, regulations, and standards, thereby confusing consumers as to the nature and quality of the goods and depriving BIC of the ability to maintain its commercial reputation and the good will represented by the Marks accrued as a result of the quality and performance of BIC's genuine goods.

NOW, THEREFORE, pursuant to the injunctive powers of the Lanham Act, 15 U.S.C. § 1114, the All Writs Act, 28 U.S.C. § 1651 and the inherent power of this Court to fashion equitable remedies,

It is hereby ORDERED, that the Defendants or their attorneys show cause on the **21st day of November, 2018, at 9:45 p.m**., or as soon thereafter as counsel can be heard, at the United States District Court for the Northern District of Illinois, why an Order should not be issued granting Plaintiffs a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65, enjoining and restraining Defendants, their agents, servants, employees and attorneys, and all persons in active concert and

participation with them, pending the trial and determination of this action and until further order of this Court, from:

    a. Using any of Plaintiffs' Marks, in connection with any goods that do not bear proper instructions, warnings, disclosure and/or certifications, including importing into the United States or selling any lighters branded with Plaintiffs' Marks;

    b. Infringing or diluting any of the Plaintiffs' Marks;

    c. Disposing of, destroying, moving, secreting, relocating and/or transferring any and all of Defendant's stock of lighters branded with Plaintiffs' Marks that do not bear proper instructions, warnings, disclosures and/or certifications;

    d. Disposing of, destroying, moving, secreting, relocating and/or transferring any records and documents in Defendant's possession pertaining to their purchase, importation, receipt, advertising, offering for sale, sale, shipment and or distribution of lighters branded with Plaintiffs' Marks; and

    e. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the aforementioned activities.

IT IS FURTHER ORDERED, that pending the hearing and determination of the above Motion for Preliminary Injunction, but in no event for a period in excess of fifteen days[1] from the effective date hereof, that Defendants and all of their agents, servants,

---

[1] The 1946 Trademark Act requires a hearing for Preliminary Injunction no sooner than ten (10) days but not later than fifteen (15) days after the Order to Show Cause issues.

employees, attorneys, and all persons in active concert and participation with them, be and are temporarily restrained from:

    a. Discussing, communicating, publicizing, or otherwise disseminating information concerning the claims asserted in this action, the provisions of this temporary restraining order, the entry onto the Defendants' property, the seizure of the Gray Market Goods and records and information related thereto, to any persons who are not parties to this action or their attorneys;

    b. Infringing or diluting any of the Plaintiff's Marks;

    c. Using any of Plaintiffs' Marks, in connection with any goods that do not bear proper instructions, warnings, disclosure and/or certifications, including importing into the United States or selling any lighters branded with Plaintiffs' Marks;

    d. Disposing of, destroying, moving, secreting, relocating and/or transferring any and all of Defendant's stock of lighters branded with Plaintiffs' Marks that do not bear proper instructions, warnings, disclosures and/or certifications;

    e. Disposing of, destroying, moving, secreting, relocating, altering and/or transferring any information, records, and/or documents in Defendants' possession pertaining to their purchase, importation, receipt, advertising, offering for sale, sale, shipment and/or distribution of lighters branded with BIC's Marks, including invoices, correspondence

with vendors and distributors, banks records, account books, financial statements, purchase contracts sales receipts, and other records, including electronically stored information on computers, personal electronics such as cell phones; and

f. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the aforementioned activities.

IT IS FURTHER ORDERED, that the United States Marshal for this Judicial District, or other law enforcement official, accompanied by one or more attorneys, agents, or investigators of BIC, are hereby authorized and directed, at any time between the hours of 8:00 AM and 9:00 PM not later than seven (7) business days after the date on which this Order is issued, to enter upon, search, seize, and deliver to BIC or their representatives the following items in the possession, custody or control of:

Chicago Import Inc.
3811 West Lawrence Avenue
Chicago, IL 60625

And

Diamond Wholesale Group
7252 West 87th Street*
Bridgeview, IL 60455

including storerooms thereof and any trucks, vans, cars or other storage facilities under the control of Defendants, at the above listed addresses and at any other locations which are specifically revealed by Defendants herein or by documents seized

herein and which are locations that are in Defendants' possession or under their control first forcibly or otherwise enter and reasonably search[2] for, seize, and impound:

1. Any and all goods, packaging, shipping materials, display materials, advertising materials, images, and documentation related to lighters bearing the BIC Marks, marks identical with, or substantially indistinguishable from the BIC Marks, or any counterfeits, copies, or colorable imitations thereof;

2. Any and all records documenting, concerning, relating to, or reflecting in any manner information concerning the manufacture, sale, receipt, importation, acquisition, purchase, offering for sale, promotion, and/or distribution of any goods or packaging bearing the BIC Marks, or marks identical with, or substantially indistinguishable from the BIC Marks, including without limitation, business records, invoices, correspondence, e-mails, bank records, hard drives, zip drives, disks, financial statements, books of account, receipts, whether contained in written or electronic format.

IT IS FURTHER ORDERED, that the United States Marshal or other law enforcement officers effecting such seizure shall take all necessary steps, and employ whatever force is necessary, including breaking open, in order to: (i) enter the Identified Premises or other premises owned, leased, or controlled by Defendants or other locations where the Counterfeit Goods and business records relating thereto may be found; (ii) search and inspect the contents of any computers, rooms, vehicles,

---

[2] Since the Court that finds that purveyors of gray market goods frequently hide merchandise, a reasonable search may be made for the Gray Market Goods and documents relating thereto in accordance with the strictures of the Fourth Amendment

closets, cabinets, containers, cases, desks, electronic storage devices, computer drives, desktop computers, laptop computers, personal electronics, including cell phones, and documents located at the Identified Premises or other premises owned, leased, or controlled by Defendants or other locations where the Gray Market Goods and business records relating thereto may be found; and (iii) secure and remove the Gray Market Goods, records, property, and other items described in the preceding paragraphs from the Identified Premises or other premises owned, leased, or controlled by Defendants or other locations where the Counterfeit Goods and business records relating thereto may be found;

IT IS FURTHER ORDERED that one or more of Plaintiffs' attorneys and employees shall accompany the law enforcement officers to determine whether an item is covered by the preceding paragraphs and the law enforcement officers shall follow such representatives' determination;

IT IS FURTHER ORDERED, that Plaintiffs shall be accompanied by sufficient representatives of **Stericycle**, as arranged by Plaintiffs, equipped with trucks and equipment adequate for the purpose of taking possession of the Gray Market Goods in possession of each of the Defendants;

IT IS FURTHER ORDERED, that the Stericycle shall take possession of Gray Market Goods that are seized by Plaintiffs from each of the Defendants as substitute custodians, which shall be segregated and identified as to the source of such goods, and shall be properly quarantined and stored at a Stericycle facility that is adequate for the storage of flammable materials such as the Gray Market Goods.

IT IS FURTHER ORDERED, that the search and seizure ordered herein may be photographed or videotaped for the purpose of authenticating and assisting in obtaining evidence and documenting the activities and events occurring during the execution of this Order;

IT IS FURTHER ORDERED, that Plaintiffs' attorneys may be accompanied by investigators and/or computer technicians from **Quest Consultants International, Ltd.** for the purpose of assisting Plaintiffs in obtaining copies of documents and information subject to seizure under this Order whether stored in paper or electronic form, including any records contained on laptop or desktop computers, computer drives, servers, other electronic storage devices, and personal electronic devices (including cell phones) and/or taking possession of the laptop or desktop computers, computer drives, servers, other electronic storage devices, and personal electronic devices (including cell phones) in order to copy the electronically stored information at the offices of Plaintiffs' counsel prior to returning those items to Defendants.

IT IS FURTHER ORDERED, that each person present at the location to be searched who is employed or affiliated with the Defendants shall, upon request from the law enforcement officer effecting the seizure, provide a driver's license or other form of identification.

IT IS FURTHER ORDERED, that any person present at the location to be searched who is employed or affiliated with the Defendants shall, upon request from the law enforcement officer effecting the seizure, provide all passwords or other information necessary to access the electronically stored information in the laptop or

desktop computers, computer drives, servers, other electronic storage devices, and personal electronic devices (including cell phones) that are accessed or seized by the Plaintiffs or its agents and other information that may be reasonably necessary to locate records and information relating to the Gray Market Goods.

IT IS FURTHER ORDERED, that anyone interfering with the execution of this Order is subject to arrest by the United States Marshal or other law enforcement officers effecting such seizure;

IT IS FURTHER ORDERED, that any records or property seized pursuant to this Order shall be impounded in the custody or control of BIC's attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, as substitute custodian, pending further order of this Court, and made available for inventory or inspection by Defendants or Defendants' attorneys Monday through Friday from 9:00 AM to 5:00 p.m. at the offices of Wilson Elser Moskowitz Edelman & Dicker, LLP, 55 West Monroe Street Suite 3800 Chicago, IL 60603. Any records or information seized pursuant to this Order shall be subject to a protective order which shall expire on such date as the Court sets for the hearing on the order to show cause for a preliminary injunction, and shall initially restrict access solely to the Court, the United States Marshal, BIC, BIC's attorneys and other agents, Defendants, and Defendants' attorneys, who are permitted to inspect and copy the records. Should BIC desire copies of such records, BIC's attorneys shall make copies and return the originals to Defendants within twenty (20) business days of the date the seizure is conducted pursuant to this Order;

IT IS FURTHER ORDERED, that BIC, their counsel, or agents are responsible for the transport of any items seized pursuant to this Order to a designated storage facility. BIC shall indemnify and Defendants shall hold harmless the United States Marshal or other law enforcement officers effectuating the seizure pursuant to this Order from any and all claims asserted in any Court tribunal, arising from any act, incidents, or occurrences in connection with the seizure and possession of Defendants' property, including any third party, that does not arise out of the negligent, reckless, or intentional conduct of the United States Marshal or other law enforcement officer effectuating the seizure pursuant to this Order;

IT IS FURTHER ORDERED, BIC, their counsel, or agents shall promptly inspect and account for all items and records seized pursuant to this Order and (i) provide a written inventory of such items and records to the United States Marshal who shall provide such a copy to the Court; and (ii) return to Defendants any items found to be outside the scope of this Order within fourteen (14) business days of the date the seizure is conducted pursuant to this Order;

IT IS FURTHER ORDERED, that a provision of a bond as security is waived;

IT IS FURTHER ORDERED, that service of the Summons and Complaint and this Order, together with the papers upon which the Order was granted, shall be made by the law enforcement officer effecting the seizure at the time the seizure is affected. Service shall be deemed sufficient by delivery of true and correct copies to any person of suitable age found at the premises to be searched and affiliated with or employed by Defendants;

And it is further ORDERED, that this Order, together with the supporting documents submitted therewith, shall be sealed pending further order of the Court, but in any event shall remain sealed pending the hearing to confirm the seizure, except that Defendants shall have access to such Order and supporting documents after the seizure authorized by this Order has been carried out.

**IT IS SO ORDERED.**

Dated: November 7, 2018 at 4:00 p.m.

Entered:

_____
John Robert Blakey
United States District Judge