IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BIC CORPORATION and BIC USA INC., | Case No. 1:18-cv-07378 |
| Plaintiffs, | Judge John Robert Blakey |
| vs. | FILED UNDER SEAL |
| CHICAGO IMPORT INC., DIAMOND WHOLESALE GROUP, INC., CHOICE TRADING INTERNATIONAL, LLC, INTERNATIONAL GENERAL TRADING CORP, IGT CORP. CHOICE TRADING, LLC, TRANSWORLD INTERNATIONAL TRADING CORP., GURJEET SIGNH TANEJA (a/k/a GURJEET SINGH, a/k/a GARY TANEJA, a/k/a GURPREET TANEJA), RAVI KOMMI, JOHN DOE COMPANIES 1-10, and JOHN or JANE DOES 1-10 | |
| Defendants. | |

EX PARTE TEMPORARY RESTRAINING ORDER, ORDER
FOR EXPEDITED DISCOVERY AND ORDER TO SHOW CAUSE

**PLEASE TAKE NOTICE,** that Plaintiffs BIC Corporation and BIC USA Inc. (hereinafter "BIC") having moved *ex parte* against Defendants CHOICE TRADING INTERNATIONAL, LLC, INTERNATIONAL GENERAL TRADING CORP, IGT CORP., CHOICE TRADING, LLC, TRANSWORLD INTERNATIONAL TRADING CORP., GURJEET SIGNH TANEJA (a/k/a GURJEET SINGH, a/k/a GARY TANEJA, a/k/a GURPREET TANEJA), RAVI KOMMI, their principals, officers, agents,

servants, and employees (hereinafter "Defendants" unless otherwise specifically designated) for, among other relief, a Temporary Restraining Order (the "Order"), by reason that Defendants, without authorization, are manufacturing, importing, purchasing, selling, offering for sale, promoting, transporting and/or distributing goods and packaging bearing marks that constitute counterfeits, copies, and/or colorable imitations of, or that otherwise infringe upon, incontestable and federally registered trademarks owned and used by BIC. Upon Plaintiffs' First Amended Complaint and motion for an *ex parte* restraining order, expedited discovery and other relief, and supporting declarations and exhibits submitted therewith, this Court now makes the following findings of fact and conclusions of law:

1. BIC is the owner of the following valid and incontestable trademarks registered on the Principal Register of the United States Patent and Trademark Office:

| **Mark:** | **Reg. No.:** | **Reg. Date:** | **Goods/Services:** |
|---|---|---|---|
| BIC | 2,324,480 | Feb. 29, 2000 | IC 34: cigarette and cigar lighters not of precious metals<br><br>IC 11: lighters primarily for lighting grills, fireplaces and candles |
| BIC (logo) | 951,661 | Jan. 30, 1973 | IC 34: CIGARETTE LIGHTERS AND REFILLS THEREFOR |

|  | 1,761,622 | Mar. 30, 1993 | IC 34: CIGARETTE LIGHTERS NOT MADE OF PRECIOUS METAL |
|---|---|---|---|
|  | 2,278,917 | Sept. 21, 1999 | IC 34: CIGARETTE LIGHTERS NOT MADE OF PRECIOUS METAL |

(together the "Marks" or "BIC Marks").

2.  BIC is likely to succeed on their claims that Defendants have illegally imported, purchased, sold, offered for sale, promoted, transported and/or distributed goods, specifically lighters, that have not been authorized for distribution in the United States, bearing the incontestable and federally registered trademarks owned and used by BIC, (the "Gray Market Goods").

3.  The sale of the Gray Market Goods has resulted in, and will continue to result in, immediate and irreparable injury to BIC if the relief requested is not ordered insofar as consumers who expect that their lighters will have child-resistant technology and English language warnings and instructions may encounter Gray Market Goods bearing the Marks which do not conform to United States standards and conclude that they were distributed for sale in the United States by BIC, to the detriment of the public and the reputation of BIC's brand.

4.  Such harm to BIC absent entry of this Order outweighs any harm to Defendants' legitimate interests that entry of this Order would occasion.

5. Defendants have no legitimate interest in selling products that are not authorized for sale in the United States, which do not comply with United State safety standards, or in infringing the trademark rights of BIC.

6. Defendants, or others acting in concert with Defendants, would likely destroy, move, hide, or otherwise make the Gray Market Goods and records relating thereto inaccessible to the Court if BIC were required to proceed with notice to Defendants, thereby frustrating the adjudication of BIC's claims by this Court.

7. Entry of an Order other than an *ex parte* temporary restraining order would not adequately serve the purposes of the Lanham Act insofar as it would leave goods and packaging bearing BIC's federally registered trademarks marketplace that are not authorized for sale in the United States and do not comply with United States rules, regulations, and standards, thereby confusing consumers as to the nature and quality of the goods and depriving BIC of the ability to maintain its commercial reputation and the good will represented by the Marks accrued as a result of the quality and performance of BIC's genuine goods.

## TEMPORARY RESTRAINING ORDER

**NOW, THEREFORE**, pursuant to the injunctive powers of the Lanham Act, 15 U.S.C. § 1114, the All Writs Act, 28 U.S.C. § 1651 and the inherent power of this Court to fashion equitable remedies,

It is hereby ORDERED, that the Choice Defendants or their attorneys show cause on the 31st day of January, 2019 at 9:45 a.m., or as soon thereafter as counsel can be heard, at the United States District Court for the Northern District of Illinois,

why an Order should not be issued granting Plaintiffs a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65, enjoining and restraining Defendants, their agents, servants, employees and attorneys, and all persons in active concert and participation with them, pending the trial and determination of this action and until further order of this Court, from:

1. Importing, purchasing, receiving, advertising, distributing, transporting, offering for sale, or selling products bearing Plaintiffs' Marks that are not authorized for sale or transport in the United States;

2. Infringing or diluting any of the Plaintiffs' Marks;

3. Using any of Plaintiffs' Marks, in connection with any goods that do not bear child resistant features, proper instructions, warnings, disclosures and/or certifications or are otherwise not authorized for import into, sale or distribution in the United States;

4. Disposing of, destroying, moving, secreting, relocating and/or transferring any and all of the Choice Defendants' stock of lighters branded with Plaintiffs' Marks that do not bear proper instructions, warnings, disclosures and/or certifications;

5. Disposing of, destroying, moving, secreting, relocating, altering and/or transferring any information, records, and/or documents in the Choice Defendants' possession pertaining to their purchase, importation, receipt, advertising, offering for sale, sale, shipment and/or distribution of lighters branded with BIC's Marks, including bills of lading, invoices, correspondence

with vendors and distributors, banks records, account books, financial statements, purchase contracts, sales receipts, and other records, including electronically stored information on computers, in cloud storage, external hard drives, flash drives, and personal electronics such as cell phones; and

6. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the aforementioned activities.

## EXPEDITED DISCOVERY ORDER

The Court further finds that permitting BIC to conduct expedited discovery is warranted on the basis of the findings set forth above, and for the reasons set forth in BIC's memorandum of law.

Accordingly, **IT IS FURTHER ORDERED** that BIC may immediately serve interrogatories to which the Choice Defendants are Ordered to respond within seven days of service.

**IT IS FURTHER ORDERED THAT** BIC may immediately serve requests for production documents on the Choice Defendants, which are to be produced with ten days of service of the requests.

**IT IS FURTHER ORDERED THAT** BIC may immediately serve a request to permit the entry and inspection of land in the possession, custody, or control of the Choice Defendants, with the entry and inspection to take place within seven days of the location being identified to BIC:

**IT IS FURTHER ORDERED THAT** BIC may serve deposition notices of each of the Choice Defendants, permitting BIC to take the depositions of the Choice

Defendants or their Rule 30(b)(6) designee(s) immediately, upon fourteen days' notice, for one day of up to seven hours, without prejudice to BIC's right to re-depose the Choice Defendants or their designees during the regular course of discovery.

**IT IS FURTHER ORDERED THAT** BIC may conduct expedited third party discovery, including third party subpoenas, immediately. Such discovery (and the discovery described above) is permitted based upon BIC's initial showing and is subject to a motion to quash on any available basis.

**AND IT IS FURTHER ORDERED THAT** this Order, together with the supporting documents submitted therewith, shall be sealed pending further order of the Court.

**IT IS SO ORDERED.**

Dated: January 18, 2019
Time: 5:00 p.m.

                                          Entered:

                                          _____
                                          John Robert Blakey
                                          United States District Judge