## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BIC CORPORATION and BIC USA INC., | CASE NO.: 1:18-CV-07378 |
| Plaintiffs, | **FILED UNDER SEAL** |
| vs. | |
| CHICAGO IMPORT, INC., DIAMOND WHOLESALE GROUP, INC., JOHN DOE COMPANIES 1-10, and JOHN or JANE DOES 1-10, | **F I L E D** |
| Defendants. | APR 0 9 2019  |
| | THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT |
| CHICAGO IMPORT, INC., | |
| Cross-Plaintiff, | |
| VS. | |
| CHOICE TRADING INTERNATIONAL, LLC, CHOICE TRADING, LLC, GURPREET TANEJA (A/K/A GURU TANEJA), | |
| Cross Defendants. | |

### CHICAGO IMPORT, INC'S ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND CROSS CLAIM

Now comes the Defendant, Chicago Import, Inc. ("Chicago Import"), through its undersigned attorneys, and for its Answer to Plaintiffs' Second Amended Complaint and Jury Demand states:

## NATURE OF THE ACTION

1.      This action is being brought by Plaintiffs to put an end to Defendants' wrongful distribution in the United States (including in this District) of BIC-branded lighters, that are not intended for distribution inside the United States, and that do not comply with various U.S. federal standards and regulations.

**ANSWER: Defendant denies that it wrongfully distributed in the United States (including in this District) BIC-branded lighters, that are not intended for distribution inside the United States, and that do not comply with various U.S. federal standards and regulations. Defendant therefore denies any remaining allegations.**

2.      Defendants have willfully and knowingly imported, sold, marketed, advertised and or distributed products which do not contain federally mandated enhanced child-resistant technology and/or the required instructions, warnings, disclosures, markings and certifications required under U.S. law.

**ANSWER: Denies.**

3.      This is an action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1117 (Registered Trademark Infringement); Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as amended (False Designation of Origin); contributory trademark infringement under Section 43 of the Lanham Act, 15 U.S.C. § 1114(1)(a); Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) (Trademark Dilution in Violation of the Federal Trademark Dilution Act); 815 I.L.C.S. § 510/1 *et. seq*. (Illinois Uniform Deceptive Trade Practices Act); 765 I.L.C.S. § 1036/65 (Illinois Trademark Registration and Protection Act); N.Y. Gen. Bus. Law. § 349, *et. seq.* (New York Deceptive and Unfair Trade Practices); N.Y. Gen. Bus. Law§ 360-1 (New York Anti-Dilution Statute); New Jersey Statute § 56:4-1 to § 56:4-2 (New Jersey Trademark Infringement

and Unfair Competition Statute); N.J.S.A. 56:3-13.20 (New Jersey Anti-Dilution Statute) and the common law of the States of Illinois, New York and New Jersey.

**ANSWER: Defendant admits that Plaintiffs have filed the reference causes of action, but deny that the Defendant is liable to the Plaintiff under the referenced causes of action. Defendant therefore denies any remaining allegations.**

<u>PARTIES</u>

4.      Plaintiff BIC Corporation (hereinafter "BIC Corporation") is a Connecticut corporation, having its principal place of business in Shelton, CT.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

5.      Plaintiff BIC USA Inc. (hereinafter "BIC USA"), a wholly owned subsidiary of BIC Corporation, is a Delaware corporation, having its principal place of business in Shelton, CT. **ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

6.      Upon information and belief, Chicago Import, Inc. (hereinafter "Chicago Import") is an Illinois Corporation with a regular place of business at 3811 West Lawrence Avenue, Chicago, Illinois 60625. Service may be made upon its registered agent, ASHOK PUNJABI, 3801 West Lawrence Avenue, Chicago, Illinois.

**ANSWER: Admits.**

7.      Upon information and belief, Defendant Diamond Wholesale Group (hereinafter "Diamond') is an Illinois Corporation with a regular place of business at. 7252 West 87th Street, Bridgeview, Illinois 60455. Service may be made upon its registered agent, Halawa Ill Registered Agent, which has an address of 7000 West 111th Street, Suite 102, Worth, Illinois 60482.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

8.      Upon information and belief, Defendant Choice Trading International LLC (hereinafter "Choice Trading International") is a New Jersey limited liability company with a regular place of business at 7000 J.F. Kennedy Boulevard East, Suite Ml lB, Guttenberg New Jersey, 07093.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

9.      Upon information and belief, Defendant International General Trading Corp., a/k/a IGT Corp. (hereinafter "IGT") is a New York corporation with a regular place of business at 566 7th Avenue, Rm. 804, New York, NY 10018.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

10.      Upon information and belief, Choice Trading, LLC (hereinafter "Choice Trading"), is a New Jersey limited liability company with a regular place of business at 6809 Bellevue Avenue, Guttenberg, NJ 07093.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

11.      Upon information and belief, Transworld International Trading Corp. (hereinafter "Transworld"), is a New York corporation whose registered agent is New York State Registered Agents, 7158 Austin Street, Suite 207, Forest Hills, NY 11375.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

12.     Upon information and belief, Gurjeet Singh Taneja (a/k/a Gurjeet Singh, a/k/a Gary Taneja) (hereinafter "Gary Taneja"), is an individual residing at 1049 5th Avenue #68, New York, NY 10028. Upon information and belief, Gary Taneja is the principal of Defendants IGT and Transworld.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

13.     Upon information and belief, Gurpreet Taneja (a/k/a Guru Taneja) (hereinafter "Guru Taneja") is an individual residing at 1042 Arcadian Way, Fort Lee, New Jersey, 07024-6348. Guru Taneja is the brother of defendant Gary Taneja and is the principal of Defendants Choice Trading International, LLC and Choice Trading, LLC.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

14.     Upon information and belief, Ravi Kommi (hereinafter "Kommi") is an individual residing at 601 Blossom Circle, Dayton, NJ 08810-2407. Upon information and belief, Kommi is a principal and/or agent of Transworld, IGT, Choice Trading, and Choice Trading International.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

15.     Upon information and belief, Defendants Transworld, IGT, Kommi and Gary Taneja, or some combination of them, acted in concert, are or were alter egos of one another.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

16.     Upon information and belief, Defendants Choice Trading, Choice Trading International, Kommi and Guru Taneja, or some combination of them, acted in concert, are or were alter egos of one another.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

17.     Upon information and belief, Defendants Transworld, IGT, Choice Trading, and Choice Trading International, or some combination of them, acted in concert, are or were corporate alter egos of one another and of Gary Taneja, Guru Taneja, and Kommi.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

18.     Upon information and belief, at relevant times, Transworld, IGT, Choice Trading, and Choice Trading International were operated and controlled by Defendants Gary Taneja, Guru Taneja, and Kommi, and Gary Taneja, Guru Taneja, and Kommi were active participants in and directed, the infringing and otherwise unlawful activity alleged herein.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

19.     BIC is currently unaware of the true names and identities of Defendants John Doe Companies 1-10 and John or Jane Does 1-10, but is informed and believes that such persons and entities are liable for the violations alleged in this Complaint. BIC may seek leave to further amend this Complaint at an appropriate time to add specific information regarding these defendants upon determination of their true identities.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

## JURISDICTION AND VENUE

20.     This is a civil action arising from Defendants' misuse of BIC's trademarks and trade dress. The claims alleged in this Complaint arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under the state law of Illinois, New York, and New Jersey.

**ANSWER: Defendant denies that the Defendant misused BIC's trademarks and trade dress. Defendants deny the remaining allegations.**

21.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331 and 1338.

**ANSWER: Denies.**

22.     This Court has authority to order nationwide service of an injunction issued pursuant to 15 U.S.C. § 1 116(a).

**ANSWER: Denies.**

23.     This Court has supplemental jurisdiction over BIC's state law claims pursuant to 28 U.S.C. § 1367(a).

**ANSWER: Denies.**

24.     Venue is proper in Illinois pursuant to 28 U.S.C. § 139l(b).

**ANSWER: Denies.**

25.     Venue is proper in the Northern District of Illinois as, upon information and belief, Defendants are located therein and/or transacted business therein relative to the claims made herein.

**ANSWER: Defendant admits that it is located in the Northern District of Illinois. Defendant denies any remaining allegations.**

26.     This Court has personal jurisdiction over Chicago Import as it is an Illinois corporation, it is located in the State of Illinois, and it sold, marketed, advertised and distributed infringing goods or otherwise transacted business from the State of Illinois.

**ANSWER: Defendant admits that Chicago Import is an Illinois corporation, located in the State of Illinois, and that it has transacted business from the State of Illinois. Defendant denies the remaining allegations.**

27.     This Court has personal jurisdiction over Diamond as it is an Illinois corporation, it is located in the State of Illinois, and it sold, marketed, advertised and distributed infringing goods or otherwise transacted business from the State of Illinois.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

28.     This Court has personal jurisdiction over Defendants Transworld, IGT, Choice Trading, Choice Trading International, Gary Taneja, Guru Taneja, and Kommi as they have sold, marketed, advertised, and distributed infringing goods or otherwise transacted business in the State of Illinois. More particularly, Defendants Transworld, IGT, Choice Trading, Choice Trading International, Gary Taneja, Guru Taneja, and Kommi have sold or conspired to sell infringing goods to defendant Chicago Import, shipped or conspired to ship infringing goods to Chicago Import in the State of Illinois and those infringing goods have been sold to business and/or individuals in the State of Illinois. *See, e.g., Monster Energy Co: v. Chen Wensheng*, 136 F. Supp. 3d 897, 904 (N.D. Ill. 2015).

**ANSWER: Defendant admits that other defendants sold goods to Chicago Import and that Chicago Import is located in Illinois. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.**

8

29.     The effects of Defendants Transworld, IGT, Choice Trading, Choice Trading International, Gary Taneja, Guru Taneja, and Kommi's infringing and other unlawful activities have been felt in the State of Illinois, and BIC has been harmed in the State of Illinois as a result of these Defendants' activities, including but not limited to BIC's loss of market share to the Defendants' infringing Gray Market Goods, BIC losing exclusive control over the use of its marks in Illinois, the infringing Gray Market Goods causing confusion amongst consumers in Illinois about BIC products, and diluting the BIC Marks in Illinois.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

30.     This Court has personal jurisdiction over Gary Taneja, Guru Taneja, and/or Kommi because he/they has/have personally engaged in, directed other defendants to, and/or conspired with the other named and John and Jane Doe defendants to sell, market, advertise, and distribute infringing goods to defendant Chicago Import, and to ship infringing goods to Chicago Import in the State of Illinois and those infringing goods have been sold to businesses and/or individuals in the State of Illinois.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

31.     This Court has personal jurisdiction over John Doe Companies 1-10 as they, upon information and belief, are located in the State of Illinois, sold, advertised and marketed infringing goods or otherwise transacted business from the State of Illinois, and/or conspired with Chicago Import, Diamond, Transworld, IGT, Choice Trading, Choice Trading International, Gary Taneja, Guru Taneja, and/or Kommi to engage in such acts in or impacting the State of Illinois. **ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

32.     Likewise, this Court has personal jurisdiction over John or Jane Does 1-10 as they, upon information and belief, are located in the State of Illinois, sold, advertised and marketed infringing goods or otherwise transacted business from the State of Illinois, caused injury to BIC in the State of Illinois, and/or conspired with Chicago Import, Diamond, Transworld, IGT, Choice Trading, Choice Trading International, Gary Taneja, Guru Taneja, and/or Kommito engage in such acts in or impacting the State of Illinois.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

## FACTUAL BACKGROUND

### *BIC's Trademark Rights*

33.     BIC is in the business of manufacturing and distributing high quality and reliable consumer products, including lighters.

**ANSWER: Defendant admits that BIC manufactures lighters. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.**

34.     For well over 30 years, and well before the acts of Defendants identified herein, BIC has used various trademarks and source-identifying product configurations to indicate the origin of its goods, including its lighters. These trademarks and configurations include the following terms, designs, and trade dress, which are registered with the United States Patent and Trademark Office ("USPTO"), and are collectively referred to hereinafter as the "Marks":

a.         "BIC" Reg. No. 2,324,480, registered with the USPTO in connection with "cigarette and cigar lighters not of precious metals," among other goods, with a date of first use of at least as early as 1971. A true and correct copy of the registration certificate for this mark is attached hereto as **Exhibit A**.

10

b.          (BIC LOGO), Reg. No. 951,661, registered with the USPTO in connection with "cigarette lighters and refills therefor," with a date of first use at least as early as 1971. A true and correct copy of the registration certificate for this mark is attached hereto as Exhibit B.

c.          (IMAGE OF LIGHTER 1), Reg. No. 1,761,622, registered with the USPTO in connection with "cigarette lighters not made of precious metals," with a date of first use at least as early as 1973. A true and correct copy of the registration certificate for this mark is attached hereto as **Exhibit C**.

d.          (IMAGE OF LIGHTER 2),   Reg.  No.  2,278,917,  registered  with  the USPTO in connection with "cigarette lighters not made of precious metals," with a date of first use at least as early as 1995. A true and correct copy of the registration certificate is attached hereto as **Exhibit D**. This trade dress configuration is substantially similar to the prior configuration, but includes an enhanced child-resistant feature incorporated into BIC's lighter design in 1994.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

35.     In continuous and substantially exclusive use for over 40 years, as well as being the subject of the expenditure of tens of millions of dollars in promotion and advertising, the Marks are recognized as indicators of source for BIC 's high-quality and pioneering lighters and are the embodiments of the substantial and valuable goodwill associated with Plaintiffs' products.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

11

36.     As a result of BIC's substantial efforts, and prior to the acts of Defendants alleged herein, the Marks have become famous in the minds of consumers to identify BIC as the source for BIC's goods.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

37.     BIC Corporation is the owner of the Marks in the United States and licenses them to BIC USA.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

### *BIC-Branded Lighters*

38.     BIC, the sole domestic manufacturer of disposable lighters, has a 40-year history of providing safe, reliable non-refillable pocket lighters to millions of Americans. Since 1974, BIC has been a market leader in the industry and has worked extensively with the United States Consumer Product Safety Commission ("CPSC") in the development and implementation of a national standard for child-resistant non-refillable pocket lighters. In the third quarter of 1985, BIC began a research and development program with the goal of improving the design of non-refillable pocket lighters to further ensure child safety. Since then, BIC has spent in excess of $32 million in research and development, engineering and the acquisition of intellectual property for enhanced child-resistant technology which has been incorporated in its disposable lighters sold in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

39.     Shortly after the commencement of BIC's research and development program, BIC came to the conclusion that there should be a mandatory industry standard for child safety and

began working directly with the American Society for Testing and Materials ("ASTM"), its lighter subcommittee, and the CPSC to develop a child-resistant lighter standard. In so doing, BIC shared the results of its research and development work in this area with these entities.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

40.     All lighters sold and distributed throughout the United States by BIC since CPSC promulgated its regulations in 1994 have included enhanced child-resistant technology, the third generation of which is comprised of a mechanism incorporation a metal guard over the spark wheel. The CPSC regulations help ensure the consuming public receives only safe and genuine US-compliant BIC products.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

41.     Closely following CPSC regulations is critical to BIC's maintenance of quality control standards for its US products.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

42.     BIC does not sell any non-refillable pocket lighters in the United States that do not have enhanced child-resistant technology as required by U.S. law.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

43. Societe BIC, an independent affiliate of BIC, is a French corporation whose subsidiaries and affiliate companies distribute lighters outside of the United States. In countries where enhanced child-resistant designs are required by law, BIC only sells enhanced child resistant designs incorporating the technology required by the CPSC.

13

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

44.     In addition to incorporating enhanced child-resistant technology, U.S.-destined lighters bearing the Marks, their master shipping cases, and point-of-purchase display trays and packaging and the lighters themselves bear various textual consumer instructions, warnings, disclosures and certifications, such as "KEEP AWAY FROM CHILDREN," "COMPLIES WITH 16 C.F.R. 1210," "IGNITE LIGHTER AWAY FROM FACE AND CLOTHING," "BE SURE LIGHTER IS OUT AFTER USE," and "CONTAINS FLAMMABLE GAS UNDER PRESSURE," among others.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

45.     For lighters destined for sale outside the United States, BIC is respectful of the requests and requirements of those governments and consumers by offering lighters with and without enhanced child-resistant features and with warnings and instructions that meet or exceed the local requirements, laws, and regulations.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

46.     Lighters bearing the Marks, their master shipping cases, and point-of-purchase display trays that are intended for distribution outside the United States do not bear the U.S. federally mandated warnings and statements and/or implement such warnings and statements required in different ways, such as through pictures. Moreover, when they appear, statements are often printed in foreign languages.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

14

47.     Some lighters bearing the Marks that are intended for distribution outside the United States are packaged in cases and trays which bear graphics and language that are not authorized for use in the U.S. market.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

48.     Lighters bearing the Marks, as well as their point-of-purchase packaging and cases, which are intended for distribution outside the United States, bear markings, graphics and designs that differ from those appearing on U.S.-destined goods. Further, the unit count of containers and point-of-purchase displays for these goods differ for U.S. and non-U.S. destined goods.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

49.     Thus, lighters distributed outside the United States, while visually difficult to distinguish from domestic BIC lighters, are materially different from domestic BIC lighters due to the absence of the prescribed enhanced child-resistant technology and textual instructions, warnings, disclosures, and certifications.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

### *U.S. and Foreign Lighters are Materially Different Products*

50.     Upon information and belief, Defendants purchased lighters bearing the Marks which were manufactured and were intended for distribution outside the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

51.     Upon information and belief, said lighters were imported into the United States in violation of United States Customs regulations including, without limitation, 19 C.F.R. 133.23.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

52. Unlike lighters intended for distribution in the United States, these lighters bear pictorial warnings, rather than English language warnings. A comparison of lighters intended for distribution outside the United States and the proper U.S.-labeled lighters appears below:

(PHOTO)

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

53. Unlike lighters intended for distribution in the U.S., the labels associated with the non-U.S. lighters do not include appropriate and legally required instructions and disclosures in English on the lighter body; appropriate instructions, disclosures and certifications on the storage trays and header cards; and appropriate instructions, disclosures and certifications on the master shipping cases. Additionally, the point-of-purchase packaging and master shipping cases for such lighters bear different markings, graphics and designs than those of authorized U.S. goods.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

54. Lighters intended for distribution outside the U.S. also lack the enhanced child-resistant technology including a metal guard over the spark wheel incorporated in U.S. destined lighters, as the side-by-side comparison below demonstrates:

(PHOTO)

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

55.    In addition, the master shipping cases in which lighters intended for sale outside of the United States do not display the required DOT master shipping case design approval number, and do not bear a child-resistant testing certification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

56.    Master shipping cases for foreign countries also bear a conspicuous stamp stating, "NON CR AREA," meaning that the lighters contained therein may only be sold in areas where child-resistant features are not required.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

### *Defendants' Wrongful Acts*

57.    Upon information and belief, in at least May of 2017, August of 2017, and September of 2018, the Transworld, IGT, Choice Trading, and/or Choice Trading International, directed by, in concert with, or in the course of a conspiracy with Gary Taneja, Guru Taneja, and/or Kommi, marketed, offered for sale, sold and shipped Gray Market Goods to Defendant Chicago Import, as well as other wholesalers and distributors in the United States.

**ANSWER: Defendant admits that it purchased lighters that are at issue in this litigation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.**

58.    Upon information and belief, in October 2018 and at other times, before and up to the present time, all Defendants advertised, offered for sale and sold lighters in the United States, branded with BIC's Marks, with improper markings and without enhanced child resistant

17

technology, which were packaged in master shipping cases that are not labeled in compliance with Department of Transportation regulations.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

59.  Upon information and belief, Defendants have sold improperly marked, and non-CPSC-compliant, lighters bearing the Marks to various retailers and distributors in the United States and intend to imminently sell additional improperly marked, and non-CPSC-compliant, lighters bearing the Marks to other retailer and distributor customers.

**ANSWER: Defendant denies that is intends to imminently sell improperly marked, and non-CPSC-compliant, lighters bearing the Marks to other retailer and distributor customers. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.**

60.  The products advertised, offered for sale and sold by Defendants fail to comport with relevant U.S. standards and/or regulations.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

61.  Upon information and belief, Defendants are currently in possession of additional stock of improperly marked, and non-CPSC-compliant, lighters bearing the Marks, and intend to imminently sell said lighters in interstate commerce.

**ANSWER: Denies.**

62.  Upon information and belief, Defendants engaged in these acts with the knowledge of BIC's rights and the willful intent to violate same.

**ANSWER: Denies.**

18

63.     Defendants' unlawful actions are having, and will continue to have, a substantial and adverse effect on United States commerce.

**ANSWER: Denies.**

64.     Defendants' wrongful acts and/or willful infringements have caused, and will continue to cause, irreparable harm to BIC unless permanently enjoined, for which BIC has no adequate remedy at law.

**ANSWER: Denies.**

65.     Defendants are profiting, and will continue to profit from their unlawful actions.

**ANSWER: Denies.**

66.     Defendants' actions are causing and will continue to cause BIC monetary damage in amounts presently unknown but to be determined at trial.

**ANSWER: Denies.**

67.     The CPSC has concluded that the child-resistant technology and markings mandated under its regulations are necessary in order to ensure the safety of the consuming public, and especially children.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

68.     These features are lacking on the non-compliant goods being sold by Defendants. Defendants' actions thus present significant public health and safety concerns.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

69.     Defendants' actions may potentially place consumers, or children thereof, in danger if their actions are not enjoined.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

70.    By selling these lighters, the Defendants have knowingly engaged in violations of the Lanham Act, as well as other federal laws and regulations. The Defendants' conduct and other evidence suggests that the Defendants knew that the non-U.S. lighters could not legally be sold in the United States. Given the possibility of civil and criminal enforcement action against them, and the potential liabilities and penalties that may be imposed, there is a real risk that the Defendants will conceal or destroy their records or dispose of remaining inventory.

**ANSWER: Denies.**

71.    On information and belief, John Doe Companies 1-10 and John and Jane Does 1-10 have conspired with the Defendants to carrying out the wrongful conduct alleged herein.

**ANSWER: Denies.**

**FIRST CLAIM FOR RELIEF BY PLAINTIFF BIC CORPORATION**
**Federal Trademark Infringement**
**Lanham Act § 32, 15 U.S.C. § 1114**

72.    BIC repeats, repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 71 hereof as if fully set forth herein.

**ANSWER: Defendant repeats and re-alleges its answers to paragraphs 1 through 71 as if fully set forth herein.**

73.    BIC Corporation is the owner and registrant of the Marks and the Marks are valid and legally protectable.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

74.    BIC USA is the exclusive licensee of the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

75.    Defendants have not been granted any right to use the Marks in the United States.

**ANSWER: Denies.**

76.    Defendants have used the Marks on goods that are materially different than those authorized to be sold under said Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

77.    Defendants' uses of the Marks have caused and/or are likely to cause confusion or mistake, or to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered and sold by Defendants.

**ANSWER: Denies.**

78.    Defendants' wrongful acts and/or willful infringements, for which BIC has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

**ANSWER: Denies.**

79.    Defendants are liable for trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**ANSWER: Denies.**

**SECOND CLAIM FOR RELIEF BY BIC**
**Federal False Designation of Origin**
**Lanham Act § 43, 15 U.S.C. § 1125**

80.    BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 79 hereof as if fully set forth herein.

**ANSWER: Defendant repeats and re-alleges its answers to paragraphs 1 through 79 as if fully set forth herein.**

81.     BIC Corporation is the owner and registrant of the Marks and the Marks are valid and legally protectable.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

82.     BIC USA is the exclusive licensee of the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

83.     Defendants have not been granted any right to use the Marks in the United States.

**ANSWER: Denies.**

84.     Defendants have used the Marks on goods that are materially different than those authorized to be sold under said Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

85.     Defendants' uses of the Marks have caused and/or are likely to cause confusion or mistake, or to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered and sold by Defendants.

**ANSWER: Denies.**

86.     Defendants' wrongful acts and/or willful infringements, for which BIC has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

**ANSWER: Denies.**

87.     Defendants are liable for trademark infringement, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

**ANSWER: Denies.**

**THIRD CLAIM FOR RELIEF BY BIC**
**Contributory Trademark Infringement**
**Lanham Act § 43, 15 U.S.C. § 1114(1)(a)**

88.     BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 87 hereof as if fully set forth herein.

**ANSWER: Defendant repeats and re-alleges its answers to paragraphs 1 through 87 as if fully set forth herein.**

89.     BIC Corporation is the owner and registrant of the Marks and the Marks are valid and legally protectable.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

90.     BIC USA is the exclusive licensee of the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

91.     Defendants have provided to retailer and/or distributor customers lighters bearing the Marks on goods that are materially different than those authorized to be sold under said Marks in the United States, with knowledge, expectation and/or intention that the retailers and/or distributors would use the Marks in connection with the sale of such lighters.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

92.     Defendants and their retailer and/or distributor customers have not been granted any right to use the Marks in the United States.

**ANSWER: Denies.**

93.    The unauthorized uses of the Marks by retailers and/or distributors supplied by Defendants have caused and/or are likely to cause confusion or mistake, or to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered and sold by retailers and/or distributors supplied by Defendants.

**ANSWER: Denies.**

94.    Defendants have intentionally induced or contributed to or knowingly participated in the infringement of BIC's rights in the Marks by the Defendant's retailer and distributor customers.

**ANSWER: Denies.**

95.    Defendants have profited from the infringement of BIC's rights in the Marks by Defendant the Defendants' retailer and distributor customers.

**ANSWER:  Denies.**

96.    Defendants' wrongful acts and/or willful contributory infringements, for which BIC has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

**ANSWER: Denies.**

97.    Defendants are liable for contributory trademark infringement, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1114(1)(a).

**ANSWER: Denies.**

**FOURTH CLAIM FOR RELIEF BY BIC**
**Federal Dilution**
**Lanham Act § 43, 15 U.S.C. § 1125**

98.    BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 97 hereof as if fully set forth herein.

**ANSWER: Defendant repeats and re-alleges its answers to paragraphs 1 through 97 as if fully set forth herein.**

99.     BIC Corporation is the owner and registrant of the Marks and the Marks are valid and legally protectable.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

100.    BIC USA is the exclusive licensee of the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

101.    The Marks are famous within the meaning of the law, and were famous prior to the acts committed by Defendants discussed herein.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

102.    Defendants have not been granted any right to use the Marks in the United States.

**ANSWER: Denies.**

103.    Defendants have used the Marks on goods that are materially different than those authorized to be sold under said Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

104.    Defendants' uses of the famous Marks injure BIC's business reputation and have diluted and/or are likely to dilute the distinctive qualities of the Marks.

**ANSWER: Denies.**

25

105.    Defendants' wrongful acts and/or willful dilution, for which BIC has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

**ANSWER: Denies.**

106.    Defendants are liable for trademark dilution, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

**ANSWER: Denies.**

## FIFTH CLAIM FOR RELIEF BY BIC
### Illinois Common Law Trademark Infringement and Unfair Competition

107.    BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 106 hereof as if fully set forth herein.

**ANSWER: Defendant repeats and re-alleges its answers to paragraphs 1 through 106 as if fully set forth herein.**

108.    BIC Corporation is the owner and registrant of the Marks and the Marks are valid and legally protectable.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

109.    BIC USA is the exclusive licensee of the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

110.    BIC, at great expense and effort, has acquired a property interest in the State of Illinois in the Marks in connection with their goods.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

111.    Defendants have misappropriated Plaintiffs' labors and expenditures.

**ANSWER: Denies.**

112.    Defendants have not been granted any right to use the Marks in the United States.

**ANSWER:  Denies.**

113.    Defendants have used the Marks on goods that are materially different than those authorized to be sold under said Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

114.    Defendants' uses of the Marks have caused and/or are likely to cause confusion or mistake, or to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered and sold by Defendants.

**ANSWER: Denies.**

115.    Defendants' conduct is an attempt to wrongfully profit from the expense, effort and reputation of BIC within the State of Illinois.

**ANSWER: Denies.**

116.    Defendants' wrongful acts and/or willful infringements, for which BIC has no adequate remedy at law, has caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

**ANSWER: Denies.**

117.    Defendants are liable for trademark infringement, in violation of Illinois law. BIC is thereby entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**ANSWER: Denies.**

## SIXTH CLAIM FOR RELIEF BY BIC
### Deceptive and Unfair Trade Practices
### Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), 815 I.L.C.S. § 510/1 *et. seq.*

118.    BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 117 hereof as if fully set forth herein.

**ANSWER: Defendant repeats and re-alleges its answers to paragraphs 1 through 117 as if fully set forth herein.**

119.    BIC Corporation is the owner and registrant of the Marks and the Marks are valid and legally protectable.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

120.    BIC USA is the exclusive licensee of the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

121.    BIC, at great expense and effort, has acquired a property interest in the State of Illinois in the Marks in connection with their goods.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

122.    Defendants have not been granted any right to use the Marks in the United States.

**ANSWER: Denies.**

123.    Defendants have used the Marks on goods that are materially different than those authorized to be sold under said Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

124.    Defendants' uses of the Marks have caused and/or are likely to cause confusion or mistake, or to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered and sold by Defendants.

**ANSWER: Denies.**

125.    Defendants' conduct is an attempt to wrongfully profit from the expense, effort and reputation of BIC within the State of Illinois.

**ANSWER: Denies.**

126.    Defendants' wrongful acts and/or willful infringements, for which BIC has no adequate remedy at law, has caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

**ANSWER: Denies.**

127.    Defendants are liable for deceptive and unfair trade practices, in violation of 815 I.L.C.S. § 510/1 *et. seq.* BIC is thereby entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**ANSWER: Denies.**

## SEVENTH CLAIM FOR RELIEF BY BIC
### Trademark Dilution
### Illinois Trademark Registration and Protection Act, 765 I.L.C.S. 1036/65

128.    BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 127 hereof as if fully set forth herein.

**ANSWER: Defendant repeats and re-alleges its answers to paragraphs 1 through 127 as if fully set forth herein.**

129.    BIC Corporation is the owner and registrant of the Marks and the Marks are valid and legally protectable.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

130. BIC USA is the exclusive licensee of the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

131. The Marks are distinctive and famous within the meaning of 765 I.L.C.S. 1036/65, and were famous prior to the acts committed by Defendants discussed herein.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

132. Defendants have not been granted any right to use the Marks in the United States.

**ANSWER: Denies.**

133. Defendants have used the Marks on goods that are materially different than those authorized to be sold under said Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

134. Defendants' uses of the famous Marks injure BIC's business reputation and have diluted and/or are likely to dilute the distinctive qualities of the Marks.

**ANSWER: Denies.**

135. Defendants' wrongful acts and/or willful dilution, for which BIC has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

**ANSWER: Denies.**

30

136. Defendants are liable for trademark dilution, in violation of 765 I.L.C.S. 1036/65. BIC is thereby entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**ANSWER: Denies.**

**EIGHTH CLAIM FOR RELIEF BY BIC**
**New York Common Law Trademark Infringement and Unfair Competition**
**(As to Defendants IGT, Transworld, Gary Taneja and Kommi)**

137. BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 136 hereof as if fully set forth herein.

**ANSWER: Defendant repeats and re-alleges its answers to paragraphs 1 through 136 as if fully set forth herein.**

138. BIC Corporation is the owner and registrant of the Marks and the Marks are valid and legally protectable.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

139. BIC USA is the exclusive licensee of the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

140. Defendants IGT, Transworld, Gary Taneja and Kommi (hereinafter the "New York Defendants") have not been granted any right to use the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

141. The New York Defendants have imported into the United States and/or received in interstate commerce, lighters intended for sale outside the United States which are materially different from lighters authorized by BIC to be sold under the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

142. The New York Defendants' uses of the Marks, including the unauthorized importation and distribution of international lighters, have caused and/or are likely to cause confusion or mistake, or to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered and sold by Defendants.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

143. The New York Defendants' conduct is a bad faith attempt to wrongfully profit from the expense, effort and reputation of BIC within the State of New York.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

144. The New York Defendants' acts constitute an infringement of BIC's trademark rights in violation of the common law of the State of New York.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

145. The New York Defendants' wrongful acts and/or willful infringements, for which BIC has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

146. The New York Defendants are liable for trademark infringement and unfair competition in violation of New York common law. BIC is thereby entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

### NINTH CLAIM FOR RELIEF BY BIC
#### Deceptive and Unfair Trade Practices
#### N.Y. Gen. Bus. Law. § 349 *et. seq.*
#### (As to Defendants IGT, Transworld, Gary Taneja and Kommi)

147.  BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 146 hereof as if fully set forth herein.

**ANSWER: Defendant repeats and re-alleges its answers to paragraphs 1 through 146 as if fully set forth herein.**

148.  BIC Corporation is the owner and registrant of the Marks and the Marks are valid and legally protectable.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

149.  BIC USA is the exclusive licensee of the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

150.  The New York Defendants have not been granted any right to use the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

151.  The New York Defendants have imported into the United States and/or received in interstate commerce, lighters intended for sale outside the United States which are materially different from lighters authorized by BIC to be sold under the Marks in the United States.

33

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

152.     The New York Defendants' acts, including the offering for sale, selling, advertising, and distribution of international lighters were directed at consumers.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

153.     The New York Defendants' acts, including the offering for sale, selling, advertising, and distribution of international lighters were misleading in a material way to consumers and the public at large.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

154.     The New York Defendants' acts, including the offering for sale, selling, advertising, and distribution of international lighters harm the public interest and are a threat to public safety in that the international lighters do not include safety features such as child-resistant technology.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

155.     The New York Defendants' acts, including the offering for sale, selling, advertising, and distribution of international lighters have caused and are continuing to cause injury to BIC in violation of New York General Business Law § 349, *et. seq*.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

156.     The New York Defendants' unfair and deceptive trade practices, as alleged herein, for which BIC has no adequate remedy at law, has caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

157.    The New York Defendants are liable for deceptive and unfair trade practices, in violation of N.Y. Gen. Bus. Law § 349, *et. seq*. BIC is thereby entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

**TENTH CLAIM FOR RELIEF BY BIC**
**Trademark Dilution**
**New York Anti-Dilution Stature N.Y. Gen. Bus. Law § 360-1**
**(As to Defendants IGT, Transworld, Gary Taneja and Kommi)**

158.    BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 157 hereof as if fully set forth herein.

**ANSWER: Defendant repeats and re-alleges its answers to paragraphs 1 through 157 as if fully set forth herein.**

159.    BIC Corporation is the owner and registrant of the Marks and the Marks are valid and legally protectable.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

160.    BIC USA is the exclusive licensee of the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

161.    The New York Defendants' acts are causing dilution by blurring and/or tarnishment, and damaging the business reputation of BIC in violation of New York General Business Law§ 360-1.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

162.    The Marks possess a distinctive quality and/or have acquired secondary meaning within the meaning of N.Y. Gen. Bus. Law§360-1.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

163.    The New York Defendants have not been granted any right to use the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

164.    The New York Defendants' wrongful acts and/or willful dilution, for which BIC has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

165.    The New York Defendants are liable for trademark dilution, in violation of N.Y. Gen. Bus. Law§ 360-1. BIC is thereby entitled to injunctive relief.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

**ELEVENTH CLAIM FOR RELIEF BY BIC**
**New Jersey Common Law Trademark Infringement and Unfair Competition**
**(As to Defendants Choice Trading International, Choice Trading, Guru Taneja and Kommi)**

166.    BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 165 hereof as if fully set forth herein.

**ANSWER: Defendant repeats and re-alleges its answers to paragraphs 1 through 165 as if fully set forth herein.**

167.    BIC Corporation is the owner and registrant of the Marks and the Marks are valid and legally protectable.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

168.    BIC USA is the exclusive licensee of the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

169.    Defendants Choice Trading International, Choice Trading, Guru Taneja and Kommi (hereinafter the "New Jersey Defendants") have not been granted any right to use the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

170.    The New Jersey Defendants have imported into the United States and/or received in interstate commerce, lighters intended for sale outside the United States which are materially different from lighters authorized by BIC to be sold under the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

171.    The New Jersey Defendants' uses of the Marks, including the unauthorized importation and distribution of international lighters, have caused and/or are likely to cause confusion or mistake, or to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered and sold by Defendants.

37

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

172.    The New Jersey Defendants' conduct is a bad faith attempt to wrongfully profit from the expense, effort and reputation of BIC within the State of New Jersey.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

173.    The New Jersey Defendants' wrongful acts and/or willful infringements, for which BIC has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

174.    The New Jersey Defendants are liable for trademark infringement and unfair competition in violation of New Jersey common law. BIC is thereby entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

**TWELFTH CLAIM FOR RELIEF BY BIC**
**Trademark Infringement and Unfair Competition**
**New Jersey Statute § 56:4-1 to § 56: 4-2**
**(As to Defendants Choice Trading International, Choice Trading, Guru Taneja and Kommi)**

175.    BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 174 hereof as if fully set forth herein.

**ANSWER: Defendant repeats and re-alleges its answers to paragraphs 1 through 174 as if fully set forth herein.**

176.    BIC Corporation is the owner and registrant of the Marks and the Marks are valid and legally protectable.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

177.    BIC USA is the exclusive licensee of the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

178.    The New Jersey Defendants have not been granted any right to use the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

179.    The New Jersey Defendants have imported into the United States and/or received in interstate commerce, lighters intended for sale outside the United States which are materially different from lighters authorized by BIC to be sold under the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

180.    The New Jersey Defendants' uses of the Marks, including the unauthorized importation and distribution of international lighters, have caused and/or are likely to cause confusion or mistake, or to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered and sold by Defendants.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

181.    The New Jersey Defendants' conduct is a bad faith attempt to wrongfully profit from the expense, effort and reputation of BIC within the State of New Jersey.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

182.    The New Jersey Defendants' wrongful acts and/or willful infringements, for which BIC has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

183.    The New Jersey Defendants are liable for trademark infringement and unfair competition in violation of New Jersey common law. BIC is thereby entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

**THIRTEENTH CLAIM FOR RELIEF BY BIC**
**Trademark Dilution**
**New Jersey Anti-Dilution Stature N.J.S.A. 56:3-13.20**
**(As to Defendants Choice Trading International, Choice Trading, Guru Taneja and Kommi)**

184.    BIC repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 through 183 hereof as if fully set forth herein.

**ANSWER: Defendant repeats and re-alleges its answers to paragraphs 1 through 183 as if fully set forth herein.**

185.    BIC Corporation is the owner and registrant of the Marks and the Marks are valid and legally protectable.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

186.    BIC USA is the exclusive licensee of the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

187.    The New Jersey Defendants have not been granted any right to use the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

188.    The New Jersey Defendants have imported into the United States and/or received in interstate commerce, lighters intended for sale outside the United States which are materially different from lighters authorized by BIC to be sold under the Marks in the United States.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

189.    The Marks are famous within the meaning of N.J.S.A. 56:3-13.20.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

190.    The New Jersey Defendants' acts are causing dilution of the distinctive quality of the Marks and damaging the business reputation of BIC in violation of N.J.S.A. 56:3-13.20.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

191.    The New Jersey Defendants' wrongful acts and/or willful dilution, for which BIC has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to BIC unless permanently enjoined.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

41

192.    The New Jersey Defendants are liable for trademark dilution, in violation of N.J.S.A. 56:3-13.20. BIC is thereby entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.**

## AFFIRMATIVE DEFENSES

Chicago Import, Inc. ("Chicago Import") asserts the following affirmative defenses as against the allegations in the First Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE
### First Sale Doctrine

1.    Plaintiffs have asserted various actions against Chicago Import based on allegations that Chicago Import improperly sold lighters manufactured and distributed by Plaintiffs that Plaintiffs allege should not have been sold in the United States ("Alleged Gray Market Lighters").

2.    The Alleged Gray Market Lighters were manufactured by Plaintiffs.

3.    The Alleged Gray Market Lighters were sold by Plaintiffs.

4.    Plaintiffs sold the Alleged Gray Market Lighters to third party distributors, which such third party distributors are located within the United States. In the alternative, Plaintiffs sold the Alleged Gray Market Lighters which such third party distributors in turn sold the alleged Gray Market Lighters to distributors located within the United States.

5.    Chicago Import purchased the alleged Gray Market Lighters from United States distributors or third party distributors located within the United States for fair value and without knowledge that Plaintiffs would now claim that the Alleged Gray Market Lighters may not be sold in the United States.

6.     Plaintiffs' actions against Chicago Import based on the sale of the Alleged Gray Market Lighters are barred, in whole or in part, by the first sale doctrine.

**SECOND AFFIRMATIVE DEFENSE**
**Failure to Take Measures to Prevent Gray Market and Counterfeit Goods**

7.     Plaintiffs has asserted various actions against Chicago Import based, in part, on Chicago Import's sale of Alleged Gray Market Lighters.

8.     Plaintiff's actions are barred in whole or in part by their failure to take actions to mark their products and to bar the importation of the Alleged Gray Market Lighters in one or more of the following ways:

      a.     Failing to mark that the Alleged Gray Market Lighters may not be sold in the United States;

      b.     Failing to designate the country(ies) in which the Alleged Gray Market Lighters may be sold;

      c.     Failed to register the marks at issue in this case with the United States Customs & Border Protection; and

      d.     Failed to take reasonable measures to insure that the Alleged Gray Market Lighters would not be sold in the United States.

**THIRD AFFIRMATIVE DEFENSE**
**Unclean Hands**

19.     Plaintiffs have asserted various actions against Chicago Import based on allegations that Chicago Import improperly sold lighters manufactured and distributed by Plaintiffs that Plaintiffs allege should not have been sold in the United States ("Alleged Gray Market Lighters").

20.     Plaintiffs place into the market each year millions of lighters which are physically and materially indistinguishable from the alleged Gray Market Lighters which the Defendant purchased and resold.

WHEREFORE, Chicago Import denies that Plaintiffs are entitled to any of the relief requested in their Amended Complaint and respectfully requests:

A. An order dismissing the Amended Complaint with prejudice;

B. An award of fees, interest, and costs; and,

C. Such other relief as the Court deems just and proper.

## CROSS CLAIM FOR INDEMNIFICATION AND CONTRIBUTION AGAINST CHOICE TRADING INTERNATIONAL, LLC, CHOICE TRADING, LLC, AND GURPREET TANEJA (A/K/A GURU TANEJA)

NOW COMES the Cross-Plaintiff, Chicago Import, Inc. ("Chicago Import"), and for its Cross Claim against Cross-Defendants, Choice Trading International, LLC, Choice Trading, LLC, and Gurpreet Taneja (a/k/a Guru Taneja), states:

### FACTS COMMON TO ALL COUNTS

1.     Chicago Import is an Illinois corporation, with its principal place of business in Chicago, Illinois.

2.     This action is a Cross Claim brought pursuant to Rule 13 of the Federal Rules of Civil Procedure.

3.     The claims in the Cross Claim arise out of the same transactions that are the subject matter of the original action alleged by Plaintiffs against Defendant/Cross-Plaintiff, Chicago Import.

4.     The Court has personal jurisdiction over Cross-Defendants, Choice Trading International, LLC, Choice Trading, LLC, and Gurpreet Taneja (a/k/a/ Gurjeet Singh, a/k/a Guru Taneja, (hereinafter "Guru"), (all collectively referred to as the "Cross-Defendants"), as these cross defendants transacted business in this District, and a substantial part of the events giving rise to Plaintiffs' alleged claims and Cross-Plaintiff Chicago Import's claims occurred in this District.

5.     Plaintiffs filed a multi-count Second Amended Complaint ("Complaint") against Chicago Import alleging that Chicago Import marketed and sold lighters manufactured and sold by the Plaintiffs but which the Plaintiffs claim were not made for the United States marketplace

44

(the "Alleged Gray Market Lighters." The allegations contained in Plaintiffs' Complaint are expressly incorporated herein. Plaintiffs' Complaint in this action alleges theories of trademark infringement and other theories of redress.

6.      Chicago Import purchased the lighters from the Cross Defendants, and the lighters that Chicago Import purchased from the Cross-Defendants are the Alleged Gray Market Lighters that Plaintiffs allege infringe their intellectual property and other rights.

## Count I
### Uniform Commercial Code Indemnification Against Cross Defendants

7.      Chicago Import restates and realleges the allegations contained in paragraphs 1 through 6, as and for its allegations of paragraph 7, as if fully set forth herein.

8.      Cross-Defendants are sellers and merchants regularly dealing in the sale of consumer goods, including the sale of lighters.

9.      Cross-Defendants sold lighters manufactured and distributed by Plaintiffs to Chicago Import that are the subject of goods alleged by Plaintiffs to infringe their intellectual property and other rights.

10.     The lighters sold by the Cross-Defendants were all shipped to Chicago Import in Illinois. Section 2-312 of the Illinois Uniform Commercial Code, 810 ILCS 5/2-312, applies to the sale of lighters from the Cross-Defendants to Chicago Import. Section 2-312(3) states in relevant part:

> (3) Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications.

11.     Plaintiffs' Complaint against Chicago Import alleges that the lighters sold by Chicago Import infringe Plaintiffs' intellectual property and other rights. Chicago Import

purchased the lighters that Plaintiffs allege infringed Plaintiffs' intellectual property and other rights from the Cross-Defendants.

12.     Accordingly, the Cross Defendants must indemnify and hold Chicago Import harmless, including through the payment of Chicago Import's attorney's fees and costs to defend the allegations asserted in Plaintiffs' Complaint, and for any settlement and/or damages to Plaintiffs and against Chicago Import.

## COUNT II
### Contribution Against Cross Defendants

13.     Chicago Import restates and realleges the allegations contained in paragraphs 1 through 12, as and for its allegations of paragraph 13, as if fully set forth herein.

14.     Plaintiffs have alleged several causes of action against Chicago Import, including but not limited to claims for trademark infringement and unfair competition. Plaintiffs' allegations contained in their Complaint provide that Chicago Import is subject to potential liability in tort.

15.     Chicago Import purchased the Alleged Gray Market Lighters from the Cross Defendants.

16.     Defendant and Cross-Plaintiff, Chicago Import's, liability to Plaintiffs, if any, was caused solely or primarily by Cross-Defendants tortious conduct of selling the alleged Alleged Gray Market Lighters.

17.     Cross-Defendants actions of selling Alleged Gray Market Lighters to Chicago Import which allegedly infringed Plaintiffs' intellectual property and other rights was the proximate or legal cause of any alleged damages or injuries claimed by Plaintiffs.

18.     Further, Cross-Defendants' actions of selling Alleged Gray Market Lighters to Chicago Import without disclosing that they allegedly infringed Plaintiffs' intellectual property

and other rights induced Chicago Import to take the actions now alleged to infringe Plaintiffs'
rights.

19.    To the extent any of Plaintiffs' rights were infringed by Chicago Import, which
Chicago Import denies, Cross-Defendants actively and knowingly enticed Chicago Import to
infringe Plaintiffs' rights.

20.    At all times relevant to the allegations contained in Plaintiffs' Complaint against
Chicago Import, there existed the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01 *et
seq.*

21.    In the event Plaintiffs are able to recover any part of their alleged damages from
Defendant and Cross-Plaintiff, Chicago Import, for Cross-Defendants' actions – which damages
Defendant and Cross-Plaintiff Chicago Import denies – then Cross-Defendants should be held
responsible for such loss.

22.    Chicago Import is entitled to contribution from Cross-Defendants in an amount
commensurate with Cross-Defendants' pro-rata shares of any common liability in accordance with
Illinois' Contribution Act.

## COUNT III
### Equitable Indemnification Against Cross Defendants

23.    Chicago Import restates and realleges the allegations contained in paragraphs 1
through 22, as and for its allegations of paragraph 23, as if fully set forth herein.

24.    Cross-Defendants sold Plaintiffs Alleged Gray Market Lighters to Chicago Import
that are the subject of goods alleged by Plaintiffs to infringe their intellectual property and other
rights. Cross-Defendants sold those Alleged Gray Market Lighters to Chicago Import knowing
that the Alleged Gray Market Lighters infringed Plaintiffs' intellectual property and other rights.
At the very least, Cross-Defendants sold the Alleged Gray Market Lighters to Chicago Import in

willful disregard for whether the Alleged Gray Market Lighters infringed Plaintiffs' intellectual property and other rights. Cross-Defendants never informed Chicago Import that the Alleged Gray Market Lighters infringed Plaintiffs' intellectual property and other rights.

25.     Chicago Import denies that it is liable to Plaintiffs. If, however, Chicago Import is found liable for any of the theories of recovery asserted by Plaintiffs in their Complaint against Chicago Import, then the conduct of Cross-Defendants in selling Chicago Import the Alleged Gray Market Lighters caused or contributed to the injury and damage alleged by Plaintiffs in their Complaint.

26.     Therefore, if Plaintiff recovers a judgment or settlement against Chicago Import, then Chicago Import is entitled to a judgment over and against Cross-Defendants for the fair and proportionate share of any such judgment or settlement. Further, Cross-Defendants are liable for all of Chicago Import's reasonable attorney's fees and costs in defending the present action.

**COUNT IV**
**Uniform Commercial Code Breach of Implied Warranties Against Cross Defendants**
**Under 810 ILCS 5/2-312, 5/2-314, and 5/2-315.**

27.     Chicago Import restates and realleges the allegations contained in paragraphs 1 through 6, as and for its allegations of paragraph 26, as if fully set forth herein.

28.     Cross-Defendants are sellers and merchants regularly dealing in the sale of consumer goods, including the sale of lighters.

29.     Cross-Defendants sold lighters manufactured and distributed by Plaintiffs to Chicago Import that are the subject of goods alleged by Plaintiffs to infringe their intellectual property and other rights.

30.     The lighters sold by the Cross-Defendants were all shipped to Chicago Import in Illinois. Section 2-312 of the Illinois Uniform Commercial Code, 810 ILCS 5/2-312, applies to the

sale of lighters from the Cross-Defendants to Chicago Import. Section 2-312(3) states in relevant part:

> (3) Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications.

31.     Plaintiffs' Complaint against Chicago Import alleges that the lighters sold by Chicago Import infringe Plaintiffs' intellectual property and other rights. Chicago Import purchased the lighters that Plaintiffs allege infringed Plaintiffs' intellectual property and other rights from the Cross-Defendants.

32.     Accordingly, if the lighters sold by the Cross Defendants to Chicago Import are found to be infringing, then the Cross Defendants have breached the warranty of title and against infringement.

33.     Section 2-314 of the Illinois Uniform Commercial Code, 810 ILCS 5/2-314, applies to the sale of lighters from the Cross-Defendants to Chicago Import. Sections 2-314(1)-(3) state in relevant part:

> (1) [A] warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.
>
> (2) Goods to be merchantable must be at least such as
>
> > (a) pass without objection in the trade under the contract description; and
> >
> > (b) in the case of fungible goods, are of fair average quality within the description; and
> >
> > (c) are fit for the ordinary purposes for which such goods are used; and

(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) are adequately contained, packaged, and labeled as the agreement may require; and

(f) conform to the promises or affirmations of fact made on the container or label if any.

(3) Unless excluded or modified (Section 2-316) other implied warranties may arise from course of dealing or usage of trade.

34.     Further, Section 2-315 of the Illinois Uniform Commercial Code, 810 ILCS 5/2-315, applies to the sale of lighters from the Cross-Defendants to Chicago Import. Section 2-315 states in relevant part:

Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

35.     The Cross Defendants knew that Chicago Import intended to purchase lighters that could lawfully be re-sold in the United States.

36.     As wholesale sellers of imported and non-imported goods familiar with the import laws and regulations, the Cross Defendants knew that Chicago Import, a downstream purchaser and consumer, was relying on the Cross Defendants to provide lighters that could lawfully be sold in the United States, and that the US-bound lighters were virtually indistinguishable from those destined for sale in other countries.

37.     Chicago Import relied on the Cross Defendants expertise and judgment as wholesale sellers of imported and non-imported goods to provide lighters that could lawfully be sold in the United States.

38. Chicago Import has never disclaimed or waived any express or implied warranty related to the purchase of the lighters from the Cross Defendants.

39. Lighters distributed by Plaintiffs outside of the United States ("non-US bound lighters") are physically and materially indistinguishable from those sold in the United States ("US-bound lighters"). Plaintiffs admit the non-US bound lighters are "visually difficult to distinguish from domestic BIC lighters" (Second Amended Complaint ¶49).

40. As a result of the virtually indistinguishable US-bound and non-US bound lighters, Chicago Import could not reasonably determine or foresee that the lighters purchased from the Cross Defendants could not be lawfully sold in the United States.

41. Chicago Import's inventory of lighters was seized without recompense by Plaintiffs or Cross Defendants. Consequently, Chicago Import has been damaged by the Cross Defendants' breaches of implied warranties.

42. Chicago Import is entitled to a judgment over and against Cross-Defendants for the dollar amount paid for the seized lighters, Chicago Import's lost profits, and any incidental and consequential damages in an amount to be determined at trial pursuant to, at least, 810 ILCS 5-607, 608, and 714. Further, Cross-Defendants are liable for all of Chicago Import's reasonable attorney's fees and costs in defending the present action.

WHEREFORE, Cross-Plaintiff Chicago Import requests that this Court:

A. Enter judgment against Cross-Defendants for any and all sums that may be adjudged and awarded to Plaintiffs against Chicago Import, as well as Chicago Import's attorney's fees, costs and all disbursements incurred by Chicago Import in defense of Plaintiffs' action;

B. Enter judgment against Cross-Defendants if judgment is entered against Chicago Import as to the claims of Plaintiffs, by way of contribution to the fullest extent permitted by law;

51

C.    Enter judgment against Cross-Defendants if judgment is not entered against Chicago Import as to the claims of Plaintiffs if Chicago Import does not secure the return of the lighters previously seized on Plaintiffs' behalf; and

D.    Grant Cross-Plaintiff Chicago Import such other relief as this Court deems just and equitable.


                                    Respectfully submitted,

                                    /s/ Mark D. Roth
                                    Attorney for Chicago Import, Inc.

Mark D. Roth
Roth Fioretti, LLC
311 S. Wacker Drive
Suite 2470
Chicago, IL 60606
(312) 922-6262
mark@rothfioretti.com