**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BIC CORPORATION and BIC USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO IMPORT INC., DIAMOND WHOLESALE GROUP, INC. CHOICE TRADING INTERNATIONAL, LLC, INTERNATIONAL GENERAL TRADING CORP, IGT CORP., CHOICE TRADING, LLC, TRANSWORLD INTERNATIONAL TRADING CORP., GURJEET SINGH TANEJA (a/k/a GURJEET SINGH, a/k/a GARY TANEJA, a/k/a GURPREET TANEJA), RAVI KOMMI, ASHOKKUMAR PUNJABI (a/k/a ASHOK PUNJABI, a/k/a EDDIE PUNJABI), JOHN DOE COMPANIES 1-10, and JOHN or JANE DOES 1-10, <br><br> Defendants. | Case No. 1:18-cv-07378 <br><br> Honorable Judge Blakey |
| CHICAGO IMPORT, INC., <br><br> Cross-Plaintiff, <br><br> v. <br><br> CHOICE TRADING INTERNATIONAL, LLC, CHOICE TRADING, LLC, GURPREET TANEJA (a/k/a GURU TANEJA), RAVI KOMMI, BIC CORPORATION, and BIC USA INC., <br><br> Cross-Defendants. | |

**DEFENDANT, CHOICE TRADING INTERNATIONAL, LLC'S, MOTION
TO DISMISS CHICAGO IMPORT'S CROSS CLAIM PURSUANT TO
<u>FED. R. CIV. P 12(b)(1) and 12(b)(6)</u>**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Cross-Defendant, Choice Trading International, LLC ("CTI") respectfully requests that this Court dismiss Third Party Plaintiff, Chicago Import Inc.'s ("Chicago Import"), Cross Claim with prejudice. In support thereof, CTI states as follows:

## I. INTRODUCTION

On May 1, 2019, CTI filed its Answer and Affirmative Defenses to BIC Corporation and BIC USA, Inc.'s ("BIC") Third Amended Complaint ("TAC") (Dkt. 73). On May 15, 2019, Chicago Import filed its Cross Claim in response to BIC's TAC. (Dkt. 85). Chicago Import asserted four claims against CTI: (I) Uniform Commercial Code Indemnification, (II) Contribution, (III) Equitable Indemnification, and (IV) Uniform Commercial Code Breach of Implied Warranties under 810 ILCS 5/2-312, 5/2-314, and 5/2-315. (*See* Dkt. 85).

All Counts in Chicago Import's Cross Claim against CTI should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because (1) this Court lacks subject-matter jurisdiction over CTI because the claims are premature and Chicago Import failed to notify CTI of BIC's lawsuit; and (2) Chicago Import failed to state any claim against CTI for all four Counts. Expedited depositions were taken of Choice Trading, LLC ("Choice") and CTI well before Chicago Import filed its Cross Claims. The expedited depositions do not factually support the allegations of liability against CTI.

## II. CONTROLLING AUTHORITY

### A. Fed. R. Civ. P. 12(b)(1): lack of subject matter jurisdiction

Fed. R. Civ. P 12(b)(1) provides for the dismissal of claims when the district court lacks subject matter jurisdiction. *Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 830 (N.D. Ill. 2000). In considering a motion to dismiss for lack of subject matter

jurisdiction, the district court must accept the [cross claim's] well-pled factual allegations as true and draw reasonable inferences from those allegations in the [cross] plaintiff's favor. *Id.* Once jurisdictional allegations have been controverted, it is the cross-plaintiff's burden to come forward with additional evidence to support a claim of jurisdiction. *Id.*

### B. Fed. R. Civ. P 12(b)(6): failure to state a claim

It is well-settled that a motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Facebook, Inc. v. Teachbook.com LLC*, 819 F. Supp. 2d 764, 774 (N.D. Ill. 2011). Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Dismissal is proper where it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Kohler Co. v. Kohler Int'l, Ltd.*, 196 F. Supp. 2d 690, 694 (N.D. Ill. 2002).

### III. ARGUMENT

Chicago Import's Cross Claim should be dismissed with prejudice because (1) this Court lacks subject matter jurisdiction over CTI; and (2) Chicago Import failed to state any claim against CTI.

3

### A. This Court Lacks Subject-Matter Jurisdiction Over CTI.

Chicago Import alleges subject-matter jurisdiction pursuant to Fed. R. Civ. P. 13 because the claims in the Cross Claim arise out of the same transactions that are subject to BIC's TAC. (*See* Dkt. 85 at ¶¶ 2, 3). Fed. R. Civ. P. 13(g) states "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim".

> i. *Counts I – III should be dismissed because those counts are not ripe for adjudication.*

Counts I through III of Chicago Import's Cross Claim should be dismissed as premature because these Counts are not ripe for adjudication. As a general rule, "decisions about indemnity should be postponed until the underlying liability has been established." *Lear Corp. v. Johnson Elec. Holdings Ltd.,* 353 F.3d 580, 583 (7th Cir.2003). This rule is in place because a declaration regarding the duty to indemnify may have no real-world impact if no liability arises in the underlying litigation. *Id*. In such a situation, the declaration would, in all likelihood, amount to an impermissible advisory opinion. *Id.* Therefore, the obligation to indemnify does not accrue until there has been an event that "fixes" the liability on the indemnitee. *Medline Indus., Inc. v. Ram Med., Inc.*, 892 F. Supp. 2d 957, 965 (N.D. Ill. 2012).

Chicago Import's Cross Claim is not ripe for adjudication. Chicago Import uses language in its Cross Claim that leads to an impermissible advisory opinion by this Court: "Chicago Import's liability to Plaintiffs, if any" (Dkt. 85 at ¶ 18); "to the extent any of Plaintiffs' rights were infringed by Chicago Import, which Chicago Import denies" (*Id.* at ¶ 21); "in the event Plaintiffs are able to recover any part of their alleged damages" (*Id.* at ¶ 23); "if however, Chicago Import is found liable for any of the theories of recovery asserted by Plaintiffs in their Complaint" (*Id.* at ¶ 27); "if Plaintiff recovers a judgment or settlement" (*Id.* at ¶ 28).

CTI's alleged duty to indemnify does not arise until BIC's trademarks claims in its TAC are adjudicated. CTI and Chicago Import deny liability. Determining CTI's obligation to indemnify Chicago Import is premature. Therefore, Counts I through III of Chicago Import's Cross Claim should be dismissed.

> ii. *Count IV should be dismissed with prejudice because Chicago Import failed to notify CTI of BIC's lawsuit.*

The transactions at issue, sale of lighters, constitutes contracts for the sale of goods, which are governed by the Uniform Commercial Code ("UCC"). *See Microsoft Corp. v. Logical Choice Computers, Inc.*, No. 99 C 1300, 2000 WL 1038143, at *3 (N.D. Ill. July 24, 2000). If a claim is one for infringement and the buyer is sued as a result of the breach, the buyer "must notify the seller within a reasonable time after he receives notice of the litigation or be **barred from any remedy over for liability** established by the litigation." *Id.* (emphasis added) *See* 810 ILCS 5/2-607(3)(b). The buyer must "directly notify the seller of the troublesome nature of the transaction or be barred from recovering for a breach of warranty." *Microsoft Corp.,* 2000 WL 1038143 *at *4. Notice is* important in infringement actions because the UCC allows the seller to exercise its option to demand that the buyer turn control of the litigation, including settlement, to him. *Id. See* 810 ILCS 5/2–607(5)(b). "Failure to allege sufficient notice can be fatal to a complaint alleging breach of warranty under the UCC." *Microsoft Corp.,* 2000 WL 1038143 *at 4.*

BIC filed its Complaint against Chicago Import on November 6, 2018. (Dkt. 1). This Complaint did not name Choice, CTI, Gurpreet Taneja, or Ravi Kommi. (*See* Dkt. 1). At no point did Chicago Import notify Choice, CTI, Gurpreet Taneja, and/or Ravi Kommi, of BIC's lawsuit. In the Cross Claim, Chicago Import fails to allege that it previously provided notice to the Cross-Defendants. Chicago Import merely pleads CTI must pay for Chicago Import's

attorneys' fees and costs to defend the allegations against BIC's TAC. (Dkt. 85 at ¶¶ 14, 28, 44). Had Chicago Import provided proper notice, as required, Choice CTI, Gurpreet Taneja, or Ravi Kommi could have demanded that Chicago Import turn control of the litigation and settlement. Chicago Import's failure to notify Choice, CTI, Gurpreet Taneja, and/or Ravi Kommi of BIC's infringement action bars Chicago Import from recovering for a breach of implied warranty under the UCC.

Therefore, this Court should dismiss Count IV of Chicago Import's Cross Claim against CTI with prejudice pursuant to Fed. R. Civ. P. 12(b)(1). In the alternative, Count IV should be dismissed because Chicago Import also admits liability for breach of warranty under the UCC is dependent on whether the lighters are to be found infringing. (*See* Dkt. 85 at ¶ 35). Therefore, Count IV is premature and should not be adjudicated under after Chicago Import's liability is determined.

### B. Chicago Import Failed to State Any Claim Against CTI.

Chicago Import failed to state a claim in all Counts against CTI because Chicago Import fails to allege, because it cannot, how CTI is liable for any of the Counts. Chicago Import's Cross Claim lacks factual content that would allow the Court to draw the reasonable inference that CTI is liable for the wrongdoing alleged. Before the Cross Claim was filed, discovery was produced by CTI and three depositions were taken. Chicago Import has had ample of opportunity to allege factual and specific details, but failed to do so because it simply cannot plead any claim against CTI. All of the Counts against CTI fall well below the notice pleading standard and should therefore be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### i.     Uniform Commercial Code Indemnification

Section 2-312 of the Illinois Uniform Commercial Code, 810 ILCS 5/2-312(3) states: "a **seller who is a merchant** regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like." Pursuant to 810 ILCS 5/2-104(1), a merchant means:

> a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or the intermediary who by his occupation holds himself out as having such knowledge or skill.

Chicago Import alleges two conclusory allegations in its Cross Claim (Dkt. 85):

> 10. Cross-Defendant Sellers are sellers and merchants regularly dealing in the sale of consumer goods, including the sale of lighter.
>
> 11. Cross-Defendant Sellers sold lighters manufactured and distributed by Plaintiffs to Chicago Import that are the subject of goods alleged by Plaintiffs to infringe their intellectual property and other rights.

These bare allegations fail to allege specific facts supporting that CTI sold the accused lighters to Chicago Import. Chicago Import does not offer any specific details as to the dates or other details of the transactions, even though it has the invoices relating to the accused lighters through its own receipts or emails and through the discovery produced. Chicago Import is merely reciting the elements of the cause of action that is supported by mere conclusory statements. These conclusory allegations do not put CTI on notice of any wrong-doing. These allegations are insufficient to state a cause of action for indemnification. Therefore, the Court should dismiss Count I of Chicago Import's Cross Claim against CTI with prejudice.

### ii.     Contribution

Chicago Import seeks contribution from CTI in accordance with the Illinois' Joint Tortfeasor Act, 740 ILCS 100/0.01 *et seq*. (Dkt. 85 at ¶ 24). Chicago Import is not entitled to

contribution from CTI. The joint tortfeasor theory of liability requires a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing products. *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992).

Chicago Import insufficiently pleads a cause of action for contribution under the Illinois' Joint Tortfeasor Act against CTI. In its Cross Claim (Dkt. 85), Chicago Import pled:

> 18. [] Chicago Import's liability to Plaintiffs, if any was caused solely and primarily by Cross-Defendant Sellers' tortious conduct of selling the alleged Alleged Gray Market Lighters.
>
> 21. [] Cross-Defendant Sellers actively and knowingly enticed Chicago Import to infringe Plaintiffs' rights.

These allegations do not contain any factual matter and are merely conclusory and bare allegations. Chicago Import merely recites the elements of the claims and offers no specific facts or details of the transactions. Chicago Import states CTI "actively and knowingly enticed Chicago Import," but does not offer any factual details supporting this bare allegation. This blanket allegation does not put CTI on notice of any wrong-doing. Chicago Import does not offer any facts regarding CTI's state of mind of actual knowledge of enticing Chicago Import to infringe BIC's rights. Chicago Import fails to allege, because it cannot, that CTI had an apparent or actual partnership with Chicago Import or that CTI could exercise joint ownership or control over the infringing products. Therefore, Chicago Import has failed to establish any plausible basis for why it is entitled to contribution from CTI. Therefore, this Court should dismiss with prejudice Count II of Chicago Import's Cross Claim pursuant to Fed. R. Civ. P. 12(b)(6).

### iii. Equitable Indemnification

This Court should dismiss Count III against CTI with prejudice because equitable indemnity is not available. "Equitable or implied indemnity based on tort principles of relative blameworthiness no longer exist in Illinois." *UIRC-GSA Holdings Inc. v. William Blair & Co., L.L.C.*, 289 F. Supp. 3d 852, 861 (N.D. Ill. 2018). "Implied indemnity is viable in the quasi-contractual context, however but only if premised on vicarious liability. Chicago Import does not plead, because it cannot, that CTI is vicariously liable for the trademark infringement BIC alleged in its TAC. Because Chicago Import failed to plead vicarious liability in its Cross Claim, this Court should dismiss Count III against CTI with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### iv. Uniform Commercial Code Breach of Implied Warranties

Chicago Import relies on three statutes: 810 ILCS 5/2-312, 810 ILCS 5/2-314, and 810 ILCS 8/2-315. (*See* Dkt. 85 at ¶¶ 32, 35, 36). In each of these paragraphs, Chicago Import states the same conclusory phrase that the statute "applies to the sale of lighters from the Cross-Defendant Sellers to Chicago Import." (*Id.*) Chicago Import does not allege any specific facts as to how the sale of the accused lighters fits into these statutes. Chicago Import merely quotes the statutes and vaguely states the statutes apply to the sale of the accused lighters. This does not meet the notice-pleading requirement under Fed. R. Civ. P. 8(a).

More specifically, 810 ILCS 8/2-315 discusses the seller's knowledge of the goods. (*See* Dkt. 85 at ¶ 36). Chicago Import alleges "the Cross-Defendant Sellers knew that Chicago Import intended to purchase lighters that could lawfully be re-sold in the United States." (*Id.* at ¶ 37). Chicago Import does not plead any facts or details regarding any of the Cross-Defendant's state of mind or actual knowledge. Moreover, Chicago Import participated in the depositions of CTI

9


and failed to ask any questions or elicit any testimony concerning Choice's purported knowledge of the warranty of the goods sold by CTI. Chicago Import has failed to sufficiently plead allegations of breach of implied warranty under the UCC against CTI and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Chicago Import failed to state any claim against CTI because it can prove no set of facts in support of its claims that would entitle it to any relief. Therefore, all Counts of Chicago Import's Cross Claim should be dismissed with prejudice against CTI pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## IV. CONCLUSION

WHEREFORE, Cross-Defendant, Choice Trading International, LLC, respectfully requests that this Court dismiss all Counts of Third Party Plaintiff, Chicago Import's, Cross Claims with prejudice against Choice Trading International, LLC and any other relief this Court deems just.

Dated: June 5, 2019                                              Respectfully submitted,

                                                                         /s/ *Christopher W. Niro*
                                                                         Christopher W. Niro
                                                                         *One of the Attorneys for Defendant Choice Trading International, LLC*

Christopher W. Niro
William L. Niro
Kristina D. Diesner
ARONBERG GOLDGEHN DAVIS & GARMISA
330 N. Wabash Avenue, Suite 1700
Chicago, IL 60611
(312) 755-3161
cniro@agdglaw.com
wniro@agdglaw.com
kdiesner@agdglaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of **Cross-Defendant, Choice Trading International, LLC's, Motion to Dismiss Chicago Import's Cross Claims Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6)** was served upon on all counsel of record electronically through CM/ECF on June 5, 2019.

/s/ *Christopher W. Niro*